IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CUPP CYBERSECURITY LLC, et al., | § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | No. 3:18-cv-1251-M |
| TREND MICRO, INC., et al., | | |
| Defendants. | | |

# ORDER

Before the Court is the parties' Joint Status Report (ECF No. 72). Plaintiffs CUPP Cybersecurity, LLC and CUPP Computing AS (collectively, "CUPP") assert eight patents in this action: U.S. Patent Nos. 8,631,488 (the "'488 patent"); 9,106,683 (the "'683 patent"); 9,843,595 (the "'595 patent"); 8,789,202 (the "'202 patent"); 9,747,444 (the "'444 patent"); 9,781,164 (the "'164 patent"); 8,365,272 (the "'272 patent"); and 9,756,079 (the "'079 patent"). Defendants Trend Micro Incorporated, Trend Micro America, Inc., and Trend Micro Incorporated (collectively, "Trend Micro") filed petitions for *inter partes* review ("IPR") on all of the asserted patents, except the '444 patent. On September 5, 2019, the Court entered an Order staying the case pending the PTAB's final decision on the IPRs. In their Joint Report, the parties state that, on September 15, 2020, the PTAB issued its last final written decision for the seven IPRs.

The PTAB found that all claims asserted in this case from the '164, '488, '595, and '683 patents are unpatentable. The PTAB found that the claims asserted in this case for the '202 Patent are not unpatentable. The PTAB found that claim 1 of the '272 Patent and claim 1 of the '079 Patent are unpatentable, and that claims 7 and 16 of the '272 Patent and claims 6 and 7 of the '079 Patent are not unpatentable. CUPP is appealing the '272, '079, '164, '488, '595, and

'683 patent final decisions. Trend Micro is appealing the '272 and '079 patent final decisions, and will appeal the '202 patent final decision.

CUPP requests that the Court set a case management conference to discuss lifting the stay. CUPP states that it will be unduly prejudiced if the stay is continued, and that the appeal of the IPRs "will only minimally simplify the issues because relevant claims from the '202, '272, and '079 Patents are still valid, and Trend Micro did not challenge the '444 Patent in IPR." CUPP further argues that lifting the stay is appropriate because this case is not in its early stages since the parties have completed claim construction briefing, and the Court has held a Markman hearing.

Trend Micro asserts that the Court should maintain the stay until the parties' appeals are resolved in the interest of judicial efficiency and in order to simplify the issues in this case.

The decision of whether to extend a stay falls solely within the Court's inherent power to control its docket. *See ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455, 2014 WL 4477400, *1 (E.D. Tex. Feb. 27, 2014). When deciding whether to lift an already-imposed stay pending IPR, the Court considers three factors: (1) whether the stay will unduly prejudice CUPP or present a clear tactical disadvantage to CUPP, (2) whether the proceedings before the Court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation. *See Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, *2 (E.D. Tex. Mar. 11, 2015). The Court finds that the first factor weighs in favor of lifting the stay because further delay of this case—the median time from filing to disposition at the Federal Circuit in cases appealed based on decisions from the PTO is 15 months[1]—will unduly prejudice CUPP's

---

[1] *See* Median Disposition Time for Cases Decided by Merits Panels, available at http://www.cafc.uscourts.gov/sites/default/files/the-court/statistics/06_Med_Disp_Time_Chart_Final.pdf (accessed

enforcement of its patent rights.  The second factor weighs in favor of lifting the stay.  This case is not in its early stages since the parties have already completed claim construction briefing and the Court has held a Markman hearing.  The third factor weighs in favor of lifting the stay, because further simplification of the issues on appeal is unlikely, and even if it were to occur, the Court is not precluded from further streamlining the case at that time.

IT IS ORDERED that the stay pending the resolution of the IPR proceedings is LIFTED.  By October 26, 2020, the parties shall confer and submit a joint report addressing whether the parties' claim construction positions remain the same in light of the final IPR decisions and whether additional briefing would be helpful to the Court.  In the joint report, the parties shall propose a new trial date and deadlines for the completion of fact and expert discovery, initial designation of experts, responsive designation of experts, objections to experts, and dispositive motions.

**SO ORDERED**.

October 5, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

---

October 5, 2020).

3