# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| CUPP CYBERSECURITY, LLC, and CUPP COMPUTING AS,<br><br>  Plaintiffs,<br><br>  v.<br><br>TREND MICRO, INC., TREND MICRO AMERICA, INC., and TREND MICRO INCORPORATED,<br><br>  Defendants. | Case No.  3:18-cv-01251-M |

**PARTIES' JOINT STATUS REPORT**

Plaintiffs CUPP Cybersecurity, LLC and CUPP Computing AS (collectively, "CUPP") and Defendants Trend Micro Incorporated (a California corporation), Trend Micro America, Inc., and Trend Micro Incorporated (a Japanese corporation) (collectively, "Trend Micro") (together, the "Parties"), submit this Joint Report pursuant to the Court's October 5, 2020 Order requesting that the parties submit "whether the parties' claim construction positions remain the same in light of the final IPR decisions and whether additional briefing would be helpful to the Court," a proposed schedule for the case, and whether the case CUPP filed on October 20, 2020, should be transferred to this Court. Dkt. Nos. 73 and 75.

I. THE PARTIES' DISPUTE ABOUT THE ASSERTED CLAIMS

   A.   PLAINTIFF CUPP'S POSITION

Prior to the Court ordering a stay, the Court's scheduling order required CUPP to elect 20 claims from its originally asserted claims. Dkt. No. 63. After the Patent Office issued final written decisions for the seven IPRs that Trend Micro filed, finding unpatentable certain claims from three of the CUPP's asserted patents, the Court lifted the stay. Dkt. No. 73. Because the Patent Office found unpatentable certain claims from CUPP's asserted patents, CUPP amended its list of elected claims, identifying a sum total of 14 asserted claims from four of the asserted patents. CUPP identified these 14 claims from the outset of the case and served infringement contentions for 12 of the 14 claims on September 19, 2018. For the two claims that CUPP did not serve infringement contentions for, CUPP will serve updated contentions by November 10, 2020. Trend Micro included all of these claims in its petitions for IPR, and the PTAB confirmed the validity of the claims. Accordingly, CUPP's amended list of claims is proper and results in no prejudice to Trend Micro.

B. **DEFENDANT TREND MICRO'S POSITION**

In the Court's previous scheduling order (Dkt. 63), the Court ordered CUPP to reduce the number of asserted claims from the 161 claims asserted in CUPP's complaint to 40 asserted claims by September 19, 2018, 20 asserted claims by December 28, 2018, and 10 asserted claims by January 6, 2020. Dkt. 63 at 3-5. As required, CUPP reduced the number of asserted claims to 20 by December 28, 2018. The Court later stayed the case pending resolution of seven *inter partes* reviews. Those IPRs resulted in the Patent Office finding 14 of those 20 asserted claims to be invalid.

On October 19, 2020, after the Court had lifted the stay, CUPP confirmed to Trend Micro that it was "not asserting claims that the PTAB found unpatentable," meaning the number of asserted claims had been reduced from 20 to 6,[1] and the number of asserted patents had been reduced from 8 to 4. On October 22, 2020, however, CUPP counsel emailed Trend Micro counsel and stated that it was <u>now adding an additional 8 asserted claims</u>, raising the total number of asserted claims from 6 to 14. This is highly improper and prejudicial to Trend Micro. Indeed, one of the reasons this case was stayed was because the IPRs would simplify the issues. And they did, finding 14 of the 20 asserted claims to be invalid. CUPP cannot circumvent that result by now adding 8 new claims to the case. Moreover, the deadline for CUPP to elect 20 asserted claims was two years ago, on December 28, 2018. CUPP did so. The scheduling order does not allow for CUPP to, almost two years later, elect a different set of up to 20 asserted claims, let alone without leave of Court. Dkt. 63. Nor does the scheduling order allow CUPP to replace claims that the Patent Office found to be invalid with claims that survived the IPRs.

---

[1] The '272 patent's claim 16, the '079 patent's claim 7, the '202 patent's claims 11 and 16, and the '444 patent's claims 11 and 21.

Furthermore, CUPP acknowledges above that is has not even served infringement contentions for two claims that it seeks to add—the '202 patent's claims 1 and 21. The deadline for service of infringement contentions passed over two years ago, on September 19, 2018. CUPP's inclusion in the proposed schedule of a special deadline for infringement contentions for just these two claims, over two years after the infringement contentions deadline, highlights the type of disruption caused by its improper and belated attempt to add claims to the case.

Trend Micro therefore urges the Court to preclude CUPP from adding asserted claims to this case. In the alternative, Trend Micro requests that the Court require CUPP to seek leave to add any asserted claims so that Trend Micro may fully brief the issue. In that case, Trend Micro also requests that the Court delay entry of a schedule in this case until such briefing is complete and this issue has been resolved because it is wasteful and prejudicial to Trend Micro to have to go through the claim construction process for claims that are not properly in the case.

## II.     CLAIM CONSTRUCTION

### A.     PLAINTIFF CUPP'S POSITION

CUPP's claim construction positions remain the same in light of the final IPR decisions. Accordingly, CUPP does not request additional briefing on the currently pending claims.

### B.     DEFENDANT TREND MICRO'S POSITION

During the IPR proceedings, CUPP made many statements to the Patent and Trademark Office that constitute prosecution disclaimer and narrow the scope of the claims that were not found invalid. *See Aylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1361 (Fed. Cir. 2017) ("statements made by a patent owner during an IPR proceeding can be considered during claim construction and relied upon to support a finding of prosecution disclaimer"); *Schindler Elevator Corp. v. Otis Elevator Co.*, 593 F.3d 1275, 1285 (Fed. Cir. 2010) (a patent owner "is not entitled to any interpretation that is disclaimed during prosecution"). Accordingly, additional claim

3

construction briefing and an additional claim construction hearing are necessary to resolve the issues of claim construction arising from CUPP's prosecution disclaimer. *See also O2 Micro Int'l. Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) (when there is a claim construction dispute, "it is the court's duty to resolve it"). Trend Micro therefore has included claim construction briefing deadlines in its proposed schedule below.

### III. PROPOSED SCHEDULE

| Event | Proposed Dates |
|---|---|
| Parties submit this joint report. | October 26, 2020 |
| CUPP serves infringement contentions for claims 1 and 21 of the '202 patent | November 10, 2020 [2] |
| Parties exchange claim terms for construction. (P.R. 4-1) | November 30, 2020 |
| Parties exchange proposed claim constructions and extrinsic evidence. (P.R. 4-2) | December 14, 2020 |
| Deadline to meet and confer to narrow terms in dispute. (P.R. 4-2(c)) | December 21, 2020 |
| Joint claim construction and prehearing statement. (P.R. 4-3) | December 28, 2020 |
| Completion of claim construction discovery. (P.R. 4-4) | January 11, 2021 |
| Plaintiffs' opening claim construction brief. (P.R. 4-5(a)) | January 25, 2021 |
| Defendants' responsive claim construction brief. (P.R. 4-5(b)) | February 15, 2021 |
| Plaintiff's reply claim construction brief. (P.R. 4-5(c)) | February 22, 2021 |

---

[2] Trend Micro opposes this event because Trend Miro opposes CUPP's improper attempt to add claims to the case for the reasons set forth above.

4

| | |
|---|---|
| Joint claim construction chart. (P.R. 4-5(d)) | March 8, 2021 |
| *Markman* hearing. (P.R. 4-6) | Approximately March 15, 2021 |
| Close of fact discovery | July 26, 2021 |
| Opening expert reports (and initial designation of experts) | August 2, 2021 |
| Rebuttal expert reports (and rebuttal designation of experts) | August 30, 2021 |
| Close of expert discovery. | September 27, 2021 |
| If Plaintiffs are asserting more than 10 claims, Plaintiffs shall serve a final election of no more than 10 asserted claims from the previously asserted claims | October 4, 2021[3] |
| Defendants shall serve a final election of asserted prior art (identifying no more than 10 total prior art references from among the previously identified prior art references) | October 8, 2021 |
| Last day to file dispositive motions and *Daubert* motions. | October 11, 2021 |
| Serve pretrial disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). | October 25, 2021 |
| Serve objections to pretrial disclosures/rebuttal disclosures. | November 8, 2021 |
| Serve objections to rebuttal disclosures | November 22, 2021 |

---

[3] CUPP agrees to limit its asserted claims to no more than 10 claims if the Court does not consolidate the cases. *See infra* § IV.A. Additional claims will be required if the new case is transferred and consolidated with the current case.

| | |
|---|---|
| File joint pretrial order and pretrial submissions (jury instructions, exhibits lists, witness lists, and deposition designations)<br><br>File motions *in limine*.<br><br>Exchange marked exhibits. | December 13, 2021 |
| Deadline to meet and confer regarding remaining objections and disputes in motions *in limine*. | December 20, 2021 |
| File joint notice identifying remaining objections to pretrial disclosures and disputes in motions *in limine*. | 3 days before final pretrial conference |
| Final pretrial conference. | 2 weeks before trial |
| Jury Selection/Trial. | January 24, 2022 |

## IV.   TRANSFER OF THE NEW CASE

### A.   PLAINTIFF CUPP'S POSITION

CUPP has filed a new case against Trend Micro in this District (Case No. 3:20-cv-03206), asserting eight patents that have issued after the filing date of the original complaint. CUPP has filed a notice of related cases for this new case. CUPP supports transfer of the new case to this Court. The new case should be transferred to this Court for judicial economy, as it will involve many of the same technologies and products. To the extent the Court transfers the new case to this Court, the cases can be consolidated and the currently proposed schedule will only be modified by a few months.

### B.   DEFENDANT TREND MICRO'S POSITION

On October 20, 2022, CUPP filed a complaint asserting eight new patents against Trend Micro (Case No. 3:20-cv-03206-K). CUPP has not yet served the complaint on Trend Micro. Four of the eight newly asserted patents are unrelated to any patents in this case.

6

Trend Micro supports transfer of this new case to this Court, but objects to consolidating the new case with this case for several reasons. A consolidated case would reset the clock in this case to day one, which squarely contradicts CUPP's recent claim that it would be "unduly prejudiced" by a further stay in this case. Dkt. 72 at 2 ("CUPP will be unduly prejudiced should the Court continue the stay because it has been awaiting its day in Court since it filed its complaint over two years ago, in May 2018."). Furthermore, a consolidated case would include a total of twelve asserted patents and therefore would be unwieldy. For example, a consolidated case would deprive Trend Micro of the opportunity to have a dedicated claim construction process for the eight newly asserted claims by forcing Trend Micro to address claim construction of those eight new patents along with the claim construction issues for this case's four patents. Moreover, CUPP's claim that the currently proposed schedule will "only be modified by a few months" is speculative and incorrect. It will take more than "a few months" for CUPP to serve Trend Micro, Trend Micro to answer the complaint, the parties to draft a case management statement, the court to hold an initial case management conference, CUPP to prepare proper infringement contentions, Trend Micro to prepare its invalidity contentions, and so on.

Trend Micro requests that the Court instead handle the new case on a separate schedule and in accordance with the patent local rules. Specifically, Trend Micro requests that the Court allow Trend Micro to answer the complaint in the normal course after CUPP has served Trend Micro with the complaint. Trend Micro requests that the parties then prepare a case management statement, as described by P.R. 2-1(a). Trend Micro requests that the Court then hold a telephonic initial case management conference, pursuant to P.R. 2-1(b). Trend Micro requests that the new case be governed by a scheduling order that includes all of the deadlines set forth in the patent local rules. *See* Miscellaneous Order No. 62. Trend Micro requests the opportunity to

propose such a schedule in a case management statement pursuant to P.R. 2-1(a).

Dated:  October 26, 2020                                Respectfully submitted,

                                                                        By:  *s/ Mark C. Nelson*
                                                                                MARK C. NELSON
                                                                                Bar Number: 00794361
                                                                                BARNES & THORNBURG LLP
                                                                                2121 N. Pearl Street, Suite 700
                                                                                Dallas, TX 75201
                                                                                Email: mnelson@btlaw.com
                                                                                Telephone: 214-258-4140
                                                                                Fax: 214-258/4199

                                                                                Paul Andre (appearance *pro hac vice*)
                                                                                Lisa Kobialka (appearance *pro hac vice*)
                                                                                James Hannah (appearance *pro hac vice*)
                                                                                KRAMER LEVIN NAFTALIS
                                                                                 & FRANKEL LLP
                                                                                990 Marsh Road
                                                                                Menlo Park, CA  94025
                                                                                Telephone: (650) 752-1700
                                                                                Facsimile: (650) 752-1800
                                                                                pandre@kramerlevin.com
                                                                                lkobialka@kramerlevin.com
                                                                                jhannah@kramerlevin.com

                                                                                *Attorneys for Plaintiffs*
                                                                                CUPP CYBERSECURITY, LLC and CUPP
                                                                                COMPUTING AS


Dated:  October 26, 2020                                Respectfully submitted,

                                                                        By:  *s/ Mike Moore*
                                                                                Mark D. Fowler (Pro Hac Vice)
                                                                                Andrew P. Valentine (Pro Hac Vice)
                                                                                Robert Buergi (Pro Hac Vice)

8

Erik Fuehrer (Pro Hac Vice)
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA  94303
Tel:  650.833.2000
Fax:  650.833.2001
mark.fowler@dlapiper.com
andrew.valentine@dlapiper.com
robert.buergi@dlapiper.com
erik.fuehrer@dlapiper.com

C. Michael Moore (State Bar No. 14323600)
Marina Stefanova (State Bar No. 24093200)
DLA Piper LLP (US)
1900 N. Pearl Street, Suite 2200
Dallas, TX  75201
Tel:  214.743.4500
Fax:  214.743.4545
mike.moore@dlapiper.com
marina.stefanova@dlapiper.com

Attorneys for Defendants Trend Micro Inc.,
Trend Micro America, Inc., and Trend Micro Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certify that, on October 26, 2020, a true and correct copy of the foregoing document was filed electronically in compliance with Fed. R. Civ. P. 5(b)(2)(E) on all parties who have consented to electronic service.

*s/ Mark C. Nelson*
Mark C. Nelson

WEST\292057262.1