IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CUPP CYBERSECURITY LLC, et al., § § | |
| Plaintiffs, § § | |
| v. § | Case No. 3:18-cv-1251-M |
| § | |
| TREND MICRO, INC., et al., § § | |
| Defendants. § § | |

**ORDER**

Before the Court is the Motion for Leave to Amend Its Election of Asserted Claims and Infringement Contentions (ECF No. 79), filed by Plaintiffs CUPP Cybersecurity, LLC and CUPP Computing AS (collectively, "CUPP"), and the parties' Joint Status Report (ECF No. 76). For the reasons stated below, the Motion for Leave to Amend is GRANTED IN PART and DENIED IN PART. Further, the request for additional claim construction made by Defendants Trend Micro Incorporated (a California corporation), Trend Micro America, Inc., and Trend Micro Incorporated (a Japanese corporation) (collectively, "Trend Micro") in the Joint Status Report is GRANTED IN PART and DENIED IN PART.

**I.    Background**

On May 15, 2018, CUPP filed this lawsuit, claiming that Trend Micro infringes 161 claims across eight asserted patents. The Amended Scheduling Order (ECF No. 63) required that (1) by September 19, 2018, CUPP disclose its preliminary infringement contentions, identifying no more than 40 asserted claims, (2) by December 28, 2018, CUPP serve a preliminary election of no more than 20 asserted claims from among the previously selected maximum of 40 claims, and (3) by January 6, 2020, CUPP serve a final election of no more than 10 asserted claims from

among the previously selected maximum of 20 claims.

In September 2019, after CUPP had narrowed its asserted claims to 20 per the Amended Scheduling Order, the Court granted the parties' request to stay the case pending the resolution of Trend Micro's petitions for *inter partes* review of seven out of the eight asserted patents. On September 30, 2020, the parties notified the Court that the Patent Trial and Appeal Board ("PTAB") had entered final written decisions on the petitions, which found 14 out of CUPP's 20 asserted claims to be invalid, among other things. Both parties are appealing aspects of the PTAB's decisions.

CUPP moves for leave to amend its infringement contentions to add the following eight claims: claims 1, 5, and 12 of the '444 patent, claims 6 and 7 of the '272 patent, claim 6 of the '079 patent, and claims 1 and 21 of the '202 patent. CUPP states that, "[i]n exchange, CUPP intends to drop [the] 14 claims" that PTAB found to be invalid. (ECF No. 79 at 2). CUPP asserts that two of the eight claims it seeks to add, claims 1 and 21 of the '202 patent, are only asserted against two Trend Micro products, Apex One with Device Control ("Apex One") and OfficeScan version 10.6 with Device Control and Smart Autorun Prevention software ("OfficeScan 10.6"), which were released in March 2019 and September 2020, respectively.

**II.    Motion to Amend**

    **A.    Legal Standard**

Infringement contentions may be amended upon a showing of good cause. Local Patent Rule 3–7. Under Rule 3–7, "good cause" includes amendments based upon "newly discovered accused instrumentalities, newly discovered bases for claiming infringement, or newly discovered prior art references." Rule 3–7 further specifies that the party seeking amendment "must include in its motion to amend a statement that the newly discovered accused

instrumentalities, newly discovered bases for claiming infringement, or newly discovered prior art references were not known to that party prior to the motion despite diligence in seeking out same." *Id.*

To determine whether good cause for amendment to CUPP's infringement contentions exists, the Court considers the following four factors: (1) the reason for delay and whether the party has been diligent, (2) the importance of the amendment, (3) the danger of unfair prejudice, and (4) the availability of a continuance. *See CommScope Techs., LLC v. Dali Wireless, Inc.*, Case No. 3:16-cv-00477-M, 2018 WL 4566130, at *2 (N.D. Tex. Sept. 21, 2018) (Lynn, J.); *see also Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F.Supp.2d 819, 822 (E.D. Tex. 2007).

    **B.**    **Analysis**

        **1.**    **Reason for Delay and Diligence**

With respect to six of the eight claims that CUPP seeks to add—claims 1, 5, and 12 of the '444 patent, claims 6 and 7 of the '272 patent, and claim 6 of the '079 patent—CUPP argues that it was diligent in seeking to amend its infringement contentions, because "[s]hortly after the stay was lifted, CUPP notified Trend Micro that it intended to 'swap' eight of the 20 non-elected claims for the fourteen asserted claims found invalid in the IPR proceedings." (ECF No. 79 at 4; *see also* ECF No. 86 at 4). CUPP contends that Trend Micro had notice of the six claims since the claims were included in the group of 40 claims CUPP elected to assert on September 19, 2018. CUPP states that by narrowing its asserted claims to 40 and then 20, it was not agreeing to eliminate its other claims. CUPP further argues that the outcome of the PTAB proceedings "is a type of litigation development that impedes CUPP's ability to move forward in its litigation, giving Trend Micro an unfair advantage over CUPP." (ECF No. 86 at 5).

3

The Court is not persuaded by the non-binding cases that CUPP cites in support of its argument that an adverse IPR outcome weighs in favor of allowing CUPP to amend its infringement contentions.  For example, in *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, the court allowed plaintiff to amend its infringement contentions where "the need to assert [a new claim] only became apparent after the Federal Circuit denied [p]laintiff's rehearing petition" and "without the amendment, [p]laintiff's case would be dismissed."  Case No. 2:15-cv-01167-JRG-RSP, 2018 WL 6440893, at *2 (E.D. Tex. Nov. 16, 2018).  Neither of these circumstances exist here.  The purpose of limiting CUPP's asserted claims and staying the case pending IPR was to effectively and efficiently litigate this case.  CUPP will be able to do so without adding claims it previously elected not to assert.  The Court finds that the first factor of the good cause analysis weighs against allowing CUPP to amend its infringement contentions to include claims 1, 5, and 12 of the '444 patent, claims 6 and 7 of the '272 patent, and claim 6 of the '079 patent.

With respect to claims 1 and 21 of the '202 patent, CUPP states that it was diligent because those claims are only asserted against Apex One and OfficeScan 10.6.  Apex One was released in March 2019, six months before the Court granted the parties' motion to stay the case in September 2019.  CUPP states that even though Apex One was released before the stay, "CUPP was already actively investigating other Trend Micro products," and therefore "did not uncover this product at the time."  (ECF No. 86 at 7) ("With respect to Apex One, this was a new product that was not in the case at the time, and CUPP was therefore not investigating the product.").  OfficeScan 10.6 was released in September 2020.  CUPP states it notified Trend Micro of its intention to add claims 1 and 21 of the '202 patent "soon after the stay was lifted." (*Id.* at 6).

Trend Micro argues that CUPP was not diligent because CUPP did not move to amend its

infringement contentions during the six months between the release of Apex One in March 2019 and the stay of the case in September 2019.  Trend Micro also argues that Apex One and OfficeScan 10.6 consist of Trend Micro functionality that existed in its products before this case was filed.  CUPP responds that the OfficeScan 10.6 functionality is new because it was updated with the Smart Autorun Prevention software.

The Court finds that CUPP was not diligent in seeking to amend its infringement contentions to assert claims 1 and 21 of the '202 patent against Apex One.  CUPP failed to move to amend for six months after Apex One was released and before this case was stayed.  CUPP's reasoning that it did not uncover Apex One because it was investigating other Trend Micro products does not convince the Court that CUPP acted diligently.  However, the Court finds that CUPP was diligent in seeking to amend its infringement contentions to assert claims 1 and 21 of the '202 patent against OfficeScan 10.6, which was not released until September 2020.  The Court determines that the first factor of the good cause analysis weighs in favor of allowing CUPP to amend its infringement contentions to assert claims 1 and 21 of the '202 patent against OfficeScan 10.6 only.

## 2. Importance of Amendment

CUPP argues that its proposed amendment is important because otherwise the entire dispute between the parties involving these claims and products will not be adjudicated in this case.  The Court agrees that judicial economy is important, which is why it required CUPP to narrow its asserted claims in the first place.  The Court finds that this factor weighs slightly against allowing CUPP to add claims 1, 5, and 12 of the '444 patent, claims 6 and 7 of the '272 patent, claim 6 of the '079 patent, and claims 1 and 21 of the '202 patent against Apex One, and slightly in favor of allowing CUPP to assert claims 1 and 21 of the '202 patent against

5

OfficeScan 10.6.

### 3. Unfair Prejudice

CUPP argues that Trend Micro will not be prejudiced because the case is in its early stages. Trend Micro argues that it would be unduly prejudiced because (1) it "justifiably believed that it could pursue a litigation strategy based on CUPP's elected claims," (2) the amendment would give CUPP a "second bite at the apple, effectively avoiding the results of the IPR proceedings," and (3) Trend Micro is time-barred from filing IPR on all claims that it did not challenge in its original IPR proceedings. (ECF No. 83 at 12). The Court agrees with Trend Micro that the unfair prejudice factor weighs against allowing CUPP to add claims 1, 5, and 12 of the '444 patent, claims 6 and 7 of the '272 patent, and claim 6 of the '079 patent, as well as amending its infringement contentions to assert claims 1 and 21 of the '202 patent against Apex One. But, the Court determines that the unfair prejudice factor weighs in favor of allowing CUPP to assert claims 1 and 21 of the '202 patent against OfficeScan 10.6, which was released when this case was stayed.

### 4. Availability of Continuance

CUPP states that based on the current scheduling order, a continuance is not necessary. Because the Court has not yet entered an amended scheduling order since the stay has been lifted, it need not address the availability of a continuance factor.

## III. Additional Claim Construction

Before the case was stayed, the parties submitted claim construction briefing and the Court held a Markman hearing. In the Joint Status Report, CUPP states that "its claim construction positions remain the same in light of the final IPR decisions," and it "does not request additional briefing on the currently pending claims." (ECF No. 76 at 3). Trend Micro

asserts that additional claim construction briefing and a hearing are necessary because CUPP made statements during the IPR proceedings that constitute prosecution disclaimer.

The Court finds that additional claim construction briefing is necessary to address potential prosecution disclaimer during the IPR proceedings and potentially as to the addition of asserted claims 1 and 21 of the '202 patent as to OfficeScan 10.6. The Court will determine whether a hearing is necessary after the briefing is submitted.

### IV.     Conclusion

IT IS ORDERED that CUPP's Motion for Leave to Amend (ECF No. 79) is GRANTED IN PART and DENIED IN PART. CUPP may amend its infringement contentions to assert only claims 1 and 21 of the '202 patent against OfficeScan 10.6. CUPP's request to add other claims is denied.

IT IS FURTHER ORDERED that by January 26, 2021, the parties shall confer and submit to the Court a proposed Scheduling Order, which should include deadlines for supplemental claim construction briefing.

**SO ORDERED**.

January 12, 2021.

_____
BARBARA M. G. LYNN
CHIEF JUDGE