# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| CUPP CYBERSECURITY, LLC, a Delaware Limited Liability Company, and CUPP COMPUTING AS, a Norwegian Corporation,<br><br>        Plaintiffs,<br><br>   v.<br><br>TREND MICRO, INC., a California Corporation, TREND MICRO AMERICA, INC., a Delaware Corporation, and TREND MICRO INCORPORATED, a Japanese Corporation,<br><br>        Defendants. | Case No.  3:18-cv-01251-M |

**PLAINTIFFS CUPP CYBERSECURITY, LLC AND
CUPP COMPUTING AS'S MEMORANDUM ON CONSOLIDATION**

Consolidation of the two currently pending cases involving CUPP Cybersecurity, LLC ("CUPP") and Trend Micro, Inc. ("Trend Micro") (cases hereinafter referred to as "CUPP 1" for the 18-cv-01251-M matter, and "CUPP 2" for the 20-cv-03206-M matter) is appropriate for judicial efficiency given that the two co-pending cases have significant legal and factual overlap. To conserve its limited judicial resources, this Court "has considerable discretion to consolidate cases . . . for trial under Rule 42 where venue is proper and there is only 'a common question of law or fact.'" *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) (citation omitted). In particular, "Rule 42(a) codifies a trial court's inherent authority 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Auto-Dril., Inc. v. Canrig Drilling Tech., Ltd.,* No. 6:15-cv-00096, 2015 U.S. Dist. LEXIS 183478, at *5 (W.D. Tex. June 29, 2015) (citing *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936)).

The CUPP 1 and CUPP 2 cases fit squarely within the factors considered for consolidating cases. *See Certified/LVI Envtl. Servs., Inc. v. PI Constr. Corp.*, No. SA-01-CA-1036 FB (NN), 2003 U.S. Dist. LEXIS 5474, at *5-6 (W.D. Tex. Mar. 3, 2003) (identifying whether the actions are before the same court, have a common party, have common issues of law and fact, do not risk prejudice or unfair advantage, conserve judicial resources, and reduce time and expense as factors to consider for consolidation) (citations omitted). In fact, every factor favors consolidation. Beyond conserving the Court's resources, the parties are identical, both cases involve patent infringement claims involving the same technological space, where many of the legal and factual issues across the two cases have considerable overlap. Finally, to alleviate any concern regarding the number of legal issues involved for trial if the cases are consolidated,

1

CUPP agrees to limit the number of asserted patent claims for trial to 16, which is currently the number of claims permitted under the case schedule in CUPP 2. *See* CUPP 2 Dkt. No. 38 at 6. Thus, the total number of claims presented between cases is reduced by a third, and the consolidated trial would have no more claims than what is already allowed in CUPP 2 under the current schedule.

## I.     Consolidation Will Conserve Judicial Resources

### A.     The Amount of Court Resources Required Would Be Significantly Less

There can be no question that there are tremendous benefits to consolidating the two patent cases. From the Court's perspective, consolidation would effectively reduce the Court's work by half, saving significant judicial resources. The Court would only need to preside over a single trial and there would be one pretrial conference involving one set of jury instructions and motions *in limine*. Similarly, there would be one hearing for summary judgment and Daubert motions. The efficiencies gained from consolidating the cases in terms of reducing the amount of the Court's time and resources are meaningful. Furthermore, CUPP agrees to limit the number of claims that it presents at trial significantly in order to make a manageable trial for the Court. Currently, CUPP can present up to 24 claims at trial between CUPP 1 and CUPP 2, but agrees to limit the total number of claims to no more than 16 at trial if the cases are consolidated.[1]

Furthermore, having a single patent trial, rather than two separate patent trials, benefits the parties, the witnesses, as well as the Court, particularly during the pandemic, as CUPP recognizes that the Court has had to adapt in order to have jury trials. Thus, having the witnesses attend trial one time, as many of the witnesses are not local, would be far more efficient and

---

[1] CUPP also anticipates reducing the number of patents asserted at trial if the parties can agree to case narrowing.

would also reduce expense, resources and time of the Court.  Finally, the opportunity to resolve these patent disputes with a single trial would result in a faster resolution of the parties' disputes, which again conserves judicial resources.

> **B.      Streamlined Schedule for the Consolidated Cases**

Adopting the Court's schedule from CUPP 2 for a consolidated case makes sense.  *See* CUPP 2 Dkt. No. 38.  All of the dates are still far enough in the future that they can be adopted without any claim of prejudice.  CUPP proposes a combined schedule, utilizing the deadlines in the Court's scheduling order for CUPP 2:

- Close of Fact Discovery – April 14, 2022
- Initial Identification of Experts and Opening Expert Reports – May 5, 2022
- Responsive Identification of Experts and Responsive Expert Reports – June 2, 2022
- Close of Expert Discovery – June 30, 2022
- Final Election of Claims - July 14, 2022
- Final Election of Prior Art – July 28, 2022
- Dispositive Motions – July 28, 2022
- Objections to Experts – July 28, 2022
- Pretrial Disclosures – September 1, 2022
- Objections to Pretrial Disclosures – September 15, 2022
- Motions *in Limine* – September 22, 2022
- Joint Pretrial Order; Joint Proposed Jury Instructions; Joint Proposed Verdict Form; Responses to Motions *in Limine*; Updated Exhibit Lists; Updated Witness Lists; Updated Deposition Designations; CUPP Narrows Case to 16 Claims – October 6, 2022
- Final Pretrial Conference – October 24, 2022
- Trial – November 7, 2022

As Trend Micro agreed to this schedule that the Court adopted for CUPP 2, this case schedule can govern the consolidated proceedings and consolidation would not extend the time

beyond what the Court already ordered for the second case, CUPP 2. As a final matter, the time

to trial is not critical for Trend Micro, as Trend Micro sought and was granted a stay of the case

as a result of it submitting IPR petitions before the Patent Trial and Appeal Board. *See* CUPP 1

Dkt. No. 70.

## II.      Common Issues of Fact

There is significant overlap in issues of fact between the two patent cases, as all the

patents involve the same technological space. Much of the evidence, including witnesses,

documents, and source code that would be presented at trial for CUPP 1 and CUPP 2 would be

duplicative and common between both cases, as most of the technology at issue is very closely

related in both patent cases.

### A.      Common Issues of Fact Related to the Asserted Patents

There are common issues of fact across the Asserted Patents because many of the patents

asserted in CUPP 1 are closely related by patent family to the patents asserted in CUPP 2. For

example, below is the relationship between five of the Asserted Patents:

- U.S. Patent No. 8,789,202 (CUPP 1) is the parent application of U.S. Patent No. 10,417,400 (CUPP 2) and the patents share nearly identical specifications.
- U.S. Patent No. 9,747,444 (CUPP 1) is the parent application of U.S. Patent No. 10,089,462 and 10,417,421 (CUPP 2), all of which also share nearly identical specifications.

Furthermore, even for those patents that do not have a familial relationship, they often

share similar subject matter related to the security and protection of mobile devices. For

example, U.S. Patent No. 10,621,344, entitled "System and Method for Providing Network

Security to Mobile Devices" involves protecting mobile devices from malicious code and other

attacks. This is related to U.S. Patent Nos. 8,365,272 and 9,756,709 which are about

dynamically isolating devices to prevent attacks.

There is also a significant overlap in the inventors of the Asserted Patents across the two cases.  The following shows inventors for each of the Asserted Patents, and there is complete overlap between 3 of the 5 inventors across the two cases.   Furthermore, 9 of the 13 patents share Shlomo Touboul as an inventor, who CUPP intends to bring as a witness at trial.  Thus, given the overlap in inventors, consolidation will only reduce the amount of time required for trial, as a single inventor can cover all the patents with testimony one time, rather than twice.

**B.    Common Issues of Fact Related to the Accused Products**

An additional common issue of fact is that there is also a significant number of products that are shared between the two cases.  For example, the following Trend Micro products are accused in both cases:

- Smart Protection suites including Smart Protection Complete and Smart Protection for Endpoint
- Portable Security (including Portable Security 3)
- User Protection Bundles including Smart Protection Suites
- Mobile Security (including Mobile Security for Enterprise)
- Worry-Free Products (Worry-Free Business Security, Worry-Free Business Security Services, Worry-Free Services Standard, Worry-Free Services Advanced, Worry-Free XDR, Worry-Free with Co-Managed XDR)
- Control Manager and Apex Central
- OfficeScan with Device Control

Furthermore, even for those products that do not overlap as specific products between the cases, the underlying technology is often shared between products because Trend Micro reuses the same technology modules for many of its products.  For example, the technology from the OfficeScan product (an accused product named in CUPP 1) is reused in the Apex One Product (an accused product named in CUPP 2).  *See* Declaration of Kristopher Kastens ("Kastens Decl."), Ex. 1 (https://success.trendmicro.com/solution/000155789-Trend-Micro-OfficeScan-

and-Control-Manager-product-naming-changed-to-Trend-Micro-Apex-One-and-Apex-Central)

(noting that OfficeScan was rebranded as Apex One).  As such, even for products that do not

directly overlap between the cases, there will be significant overlap in the technologies involved.

C.      **Common Issues of Fact Related to Witnesses and Evidence**

There are also numerous common issues of fact related to the specific witnesses and

evidence that will be presented at trial.  For example, CUPP has identified four of the same

witnesses in its initial disclosures, each of which will present similar testimony between the

cases related to the history of CUPP and the development of its patents and technologies.  This

includes CUPP's CEO, two members of the Board of Directors, and a former CEO of CUPP.

Two of these CUPP witnesses live abroad, one in Norway and one in Israel, making travel to the

United States for two separate trials a significant burden, particularly during the pandemic.  A

single trial will be far more convenient for these witnesses to attend and provide testimony.

Further supporting additional commonality is that the patent prosecutor for all of the Asserted

Patents is the same.

Similarly, Trend Micro confirmed that a large number of its witnesses will be the same

between both cases.  In its current initial disclosures from both cases, Trend Micro has identified

nineteen (19) individual employees or former employees as relevant to both cases, and the

knowledge they have is nearly identical between the two cases as well.  *Compare* Kastens Decl.,

Ex. 2 (Trend Micro's Fifth Supplemental Initial Disclosures in CUPP 1) *with* Kastens Decl., Ex.

3 (Trend Micro's Initial Disclosures in CUPP 2).  That there are so many witnesses overlap

shows that there are common issues of fact that are related between the cases.

Additionally, much of the prior art that Trend Micro has selected for use in its invalidity

case is the same.  Based on the elections by Trend Micro to date, about half of the prior art that

6

Trend Micro is using in CUPP 1 is the same, or closely related, to the prior art that it has

identified in CUPP 2.

Finally, Trend Micro has produced very similar documents between the two cases.  Based

on CUPP's best estimates to date, over 90% of the documents that have been produced in CUPP

2 have already been produced in CUPP 1, again showing the massive overlap in issues between

the cases.  It is likely that the same documents will therefore be presented at both trials and

making the evidence common between the cases.  Thus the common issues of fact strongly favor

consolidation.

**III.     No Risk of Prejudice, Confusion, or Unfair Advantage**

There is no risk of prejudice, confusion, or unfair advantage in consolidating the two

cases.  Given the significant overlap in the subject matter between the two cases, there will be a

coherent presentation of related patented technology to the jury, not disparate categories of

technology.  Furthermore, with CUPP's agreement to narrow its case to no more than 16 asserted

patent claims in advance of trial if the cases are consolidated, there will be a meaningful focus

that will remove confusion by the jury.

Respectfully submitted,

Dated:  September 28, 2021

By:  *s/ Kristopher Kastens*
Paul J. Andre (*pro hac vice*)
Lisa Kobialka (*pro hac vice*)
James R. Hannah (*pro hac vice*)
Kristopher Kastens (*pro hac vice*)
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

Mark C. Nelson (Bar Number: 00794361)
BARNES & THORNBURG LLP
2121 N. Pearl Street, Suite 700
Dallas, TX 75201
Telephone: 214-258-4200
Fax: 214-258-4199
mnelson@btlaw.com

*Attorneys for Plaintiffs,*
CUPP CYBERSECURITY, LLC and
CUPP COMPUTING AS

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 28, 2021, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to counsel of record who have consented to electronic service in compliance with Fed. R. Civ. P. 5(b)(2)(E).


By:  *s/ Kristopher Kastens*
Kristopher Kastens