**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CUPP CYBERSECURITY LLC, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:18-cv-1251-M |
| | § | |
| TREND MICRO, INC., et al., | § | (Consolidated with |
| | § | Civil Action No. 3:20-cv-03206-M) |
| Defendants. | § | |
| | § | |
| | § | |

## <u>ORDER</u>

Before the Court is the Motion to Compel Plaintiffs' Validity Contentions, filed by Defendants Trend Micro, Inc., Trend Micro America, Inc., and Trend Micro Incorporated (collectively, "Trend Micro"). ECF No. 115. For the reasons below, the Motion is **DENIED** without prejudice subject to being reasserted, as described below, after expert reports are exchanged.

In accordance with the Court's May 9, 2019, Scheduling Order (ECF No. 63), the deadline for Trend Micro to serve its preliminary invalidity contentions was December 18, 2018, and the deadline for Trend Micro to elect to assert 20 prior art references from its invalidity contentions was January 4, 2019. On June 4, 2019, Trend Micro served Interrogatory No. 7 on Plaintiffs CUPP Cybersecurity, LLC, and CUPP Computing AS (collectively, "CUPP"), which requests that CUPP:

> Explain in detail the factual basis for CUPP's contentions as to why each Asserted Claim of the Patents-in-Suit is not invalid under 35 U.S.C. §§101, 102, 103, or 112, including but not limited to an identification of each element that is not allegedly present in the Prior Art, why each claim is not allegedly obvious over the Prior Art,

and identify each Document that supports, refutes or relates to Your contentions, and each person with knowledge thereof.

Def. App. (ECF No. 116) at 11–12.

On July 3, 2019, CUPP responded to Interrogatory No. 7, objecting in part that the Interrogatory was premature in light of the fact that the Court had not yet issued a claim construction order and expert discovery was ongoing.  CUPP App. (ECF No. 123-3) at 12–15. In its response, CUPP stated that the Patents-in-Suit[1] are presumed valid; Trend Micro had not established that any claim in the Patents-in-Suit are anticipated or obvious, directed to patent-ineligible subject matter, or do not satisfy the written description or enablement requirements; and that additional information will be the subject of expert opinion to be disclosed according to the Court's schedule.  CUPP further incorporated by reference its Patent Owner Preliminary Responses filed in each of the *inter partes* review ("IPR") proceedings filed by Trend Micro, which CUPP stated addressed the prior art being asserted by Trend Micro in this case.  *Id.*

The case was subsequently stayed on September 5, 2019, through October 5, 2020, after IPR was instituted.  ECF No. 73 at 3.  On July 8, 2021, after the stay was lifted following IPR, CUPP served its first supplemental response to Interrogatory No. 7, supplementing its response as follows:

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:

CUPP incorporates by references [sic] all of its responses and appellate briefs filed to the any [sic] inter partes review initiated by Trend Micro, or any other party, against the Asserted Patents or a related patent.

Trend Micro is also estopped from challenging the validity of the asserted claims of the [']202, [']272, and [']079 Patents because of the *inter partes* review petitions

---

[1] At the time, in *CUPP Cybersecurity LLC v. Trend Micro Inc.*, Case No. 3:18-cv-01251-M ("*CUPP I*"), CUPP asserted eight patents: United States Patent Nos. 9,756,079 ("the '079 patent"), 9,747,444 ("the '444 patent"), 8,365,272 ("the '272 patent"), 8,789,202 ("the '202 patent"), 8,631,488 ("the '488 patent"), 9,106,683 ("the '683 patent"), 9,843,595 ("the '595 patent"), and 9,781,164 ("the '164 patent").  Following IPR, the Patent Trial and Appeal Board ("PTAB") found unpatentable all challenged claims of the '488, '683, '595, and '164 patents.  *See* ECF No. 72.

that it filed for these patents. Additionally, Trend Micro has waived its rights to present anticipation and obviousness against these patents because they have waived this under Fifth Circuit law by challenging the validity of the Asserted Patents in another venue (in an *inter partes* review). See, for example, *Thompson v. Bank of America Nat. Ass'n*, 783 F.3d 1022, 1025 (5th Cir. 2015).

Def. App. 13.

On August 11, 2021, Trend Micro filed a Motion to Compel, arguing that CUPP's response was deficient.  ECF No. 115.  On August 19, 2021, CUPP served its Second Supplemental Response to Interrogatory No. 7.  CUPP App. (ECF No. 123-2) at 15–22.  In its Second Supplemental Response, for each of the asserted claims in the remaining patents being asserted in *CUPP 1*,[2] CUPP identified the claim limitations it contended are not disclosed by the prior art references in Trend Micro's invalidity contentions.  *Id.*  CUPP further stated its position that Trend Micro had not presented sufficient evidence that certain references qualify as prior art, rebutted Trend Micro's argument regarding inventorship under § 102(f) as being based on a purportedly undisclosed prior art reference, and challenged as conclusory Trend Micro's invalidity contentions under §§ 101, 103, and 112.  *Id.* at 18, 20–22.

On September 13, 2021, CUPP served its Third Supplemental Response to Interrogatory No. 7.  Def. App. (ECF No. 131) at 31–39.  In its Third Supplemental Response, CUPP identified certain witnesses, whose deposition testimony CUPP contended supports its validity position; described its position as to why the '079, '202, '272, and '444 patents are eligible under § 101; and provided citations to the patents' respective specifications in support of its position that the '079, '202, '272, and '444 patents satisfy § 112.  *Id.*  CUPP further described its position that Trend Micro is estopped from challenging validity on the same or cumulative prior art that

---

[2] Specifically, CUPP's Second Supplemental Response addressed claim 7 of the '079 patent, claims 1, 11, 16, and 21 of the '202 patent, claim 16 of the '272 patent, and claims 11 and 21 of the '444 patent.  CUPP App. (ECF No. 123-2) at 15–22.

Trend Micro relied on during the '079, '202, and '272 patent IPRs, and provided a chart
identifying prior art that it contends is the same or cumulative as that presented before the PTAB.
*Id.* CUPP's Third Supplemental Response stated that CUPP's expert will provide further details
in the context of an expert opinion with respect to the validity challenges raised by Trend Micro.
*Id.*

In its Reply to the Motion to Compel, Trend Micro contended that CUPP's response
remains deficient, despite the supplementations. Specifically, Trend Micro complains that
CUPP's response provides no explanation why it believes Trend Micro's prior art citations do
not disclose certain claim limitations.

The Motion to Compel is **DENIED** without prejudice. "The Court has discretion in
ordering a party not to answer a contention interrogatory until designated discovery is complete
or at some other time." *Impact Engine, Inc., v. Google LLC*, No. 19-CV-01301-CAB-BGS, 2020
WL 2745230, at *4 (S.D. Cal. May 26, 2020) (citation omitted). On November 1, 2021, the
parties agreed to consolidate *CUPP 1* with *CUPP Cybersecurity LLC v. Trend Micro Inc*., Case
No. 3:20-cv-03206-M ("*CUPP 2*"). ECF No. 141. As part of consolidation, the parties agreed
to extend fact discovery to March 24, 2022, to exchange opening expert reports on May 5, 2022,
and to exchange responsive expert reports on June 16, 2022. ECF No. 147. Accordingly, to the
extent Trend Micro seeks to compel a more fulsome explanation of CUPP's position regarding
claim limitations not disclosed by the prior art, that request is premature and is more
appropriately filed after expert reports are exchanged. By June 16, 2022, after responsive expert
reports are exchanged, Trend Micro may reassert its Motion to Compel, and if any further
supplementary disclosure by CUPP causes Trend Micro to conclude that the supplements
warrant additional fact discovery, it may seek such discovery.

4

Moreover, in December 2022, the Court issued Claim Construction Orders covering the *CUPP 1* and *CUPP 2* patents.  ECF Nos. 150, 151.  Under the Local Patent Rules, Trend Micro was permitted to amend its invalidity contentions if it believed in good faith that a claim construction ruling so required.  Accordingly, given that Trend Micro's invalidity contentions underlying CUPP's response to Interrogatory No. 7 may have changed following the Court's Claim Construction Orders, Trend Micro's Motion to Compel was premature.

**SO ORDERED**.

March 30, 2022.

BARBARA M. G. LYNN
CHIEF JUDGE