IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CUPP CYBERSECURITY, LLC and CUPP COMPUTING AS,<br><br>    Plaintiffs,<br><br>v.<br><br>TREND MICRO, INC., TREND MICRO AMERICA, INC., and TREND MICRO INCORPORATED,<br><br>    Defendants. | Case No. 3:18-cv-01251-M<br><br>(Consolidated with Civil Action No. 3:20-cv-03206-M) |

# THE TREND MICRO DEFENDANTS' MOTION
# TO EXTEND THE CASE SCHEDULE

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND.......................................................................................... 1

III. LEGAL STANDARD...................................................................................................... 2

IV. ARGUMENT................................................................................................................... 3

    A. The Parties Are Unable to Timely Complete Expert Discovery Under the Current Schedule................................................................................................. 3

    B. A Schedule Extension is Important.......................................................................... 4

        1. An Extension Is Necessary for the Parties to Have Sufficient Time to Complete Expert Discovery Before Dispositive Motions. ..................... 5

        2. A Schedule Extension Also Is Necessary to Allow for Supplemental Claim Construction Briefing................................................. 6

    C. A Schedule Extension Would Not Unduly Prejudice CUPP................................. 7

    D. The Availability of a Continuance to Cure Any Prejudice to CUPP...................... 8

V. CONCLUSION................................................................................................................ 8

WEST\299224990.2

# TABLE OF AUTHORITIES

**Cases**

*Atl. Cas. Ins. Co. v. PrimeLending, A PlainsCapital Co.*,
    No. 3:15-CV-1475-D, 2016 WL 7386208 (N.D. Tex. Dec. 21, 2016)......................................5

*Aylus Networks, Inc. v. Apple Inc.*,
    856 F.3d 1353 (Fed. Cir. 2017)..................................................................................7

*Gillespie v. Dywidag Sys. Int'l, USA*,
    501 F.3d 1285 (Fed. Cir. 2007)..................................................................................7

*Greenliant Sys., Inc. v. Xicor LLC*,
    692 F.3d 1261 (Fed. Cir. 2012)..................................................................................7

*Rodrigues v. US Bank Nat'l Ass'n*,
    No. 3:20-CV-0291-D, 2021 WL 2077650 (N.D. Tex. May 24, 2021).................................2, 3

*Squyres v. Heico Cos., LLC*,
    782 F.3d 224 (5th Cir. 2015) ....................................................................................3

*Trend Micro Inc. v CUPP Computing AS*,
    IPR2021-01236, Paper 25 (PTAB April 12, 2022)................................................6, 7

**Other Authorities**

Federal Rule of Civil Procedure 16(b)(4) .......................................................................2

I.     **INTRODUCTION**

Defendants Trend Micro, Inc., Trend Micro America, Inc., and Trend Micro Incorporated (collectively, "Trend Micro") respectfully request that the Court extend the case schedule as set forth in Attachment A.

Good cause exists for an extension. Recent extensions of certain case deadlines compressed the remaining schedule by two weeks. The current deadline for expert discovery is July 15, but the parties still have to complete the depositions of eight technical experts after that deadline. Moving the deadline for expert discovery requires moving the deadline for *Daubert* and dispositive motions, which in turn requires moving the remainder of the case schedule. Extending the schedule also is needed to accommodate supplemental claim construction briefing to address prosecution disclaimer that has recently arisen in the IPR of an asserted patent. A schedule extension is further warranted by the complexity of this case, which involves 11 patents, over 20 accused products and technologies, and infringement expert reports that collectively total 3,700 pages. Given that the lead case has been pending for four years, a modest extension would not unduly prejudice Plaintiffs (collectively, "CUPP").

II.    **FACTUAL BACKGROUND**

CUPP filed case number 3:18-cv-1251 on May 15, 2018, and filed case number 3:20-cv-3206 on October 20, 2020. The Court consolidated the two cases on November 1, 2021. ECF No. 141. The consolidated case involves 11 asserted patents and approximately 20 different accused products and technologies.

The parties recently agreed to extend certain expert discovery deadlines that shortened the remainder of the schedule by two weeks. The parties first agreed to extend the deadline for opening expert reports by a week, from May 5 to May 12. ECF No. 181 (order granting

1

extension). The parties then agreed to extend the deadline for rebuttal expert reports by a week, from June 23 to June 30. ECF No. 183 (order granting extension). The parties have exchanged opening and rebuttal expert reports and currently are engaged in expert discovery. The current schedule is set forth in Appendix A.

Although expert discovery is currently scheduled to close on July 15, the parties have yet to take eight technical expert depositions (Drs. Black, Meldal, Shields, Franz, Mitzenmacher, Cole, Goodrich, and Jaeger). Certain of these expert depositions are expected to take more than one day. The parties currently are working to schedule these expert depositions on proposed dates between July 21 and August 16.

The deadline for dispositive motions currently is scheduled for August 9 and trial currently is scheduled for November 7. *See* Appendix A; ECF No. 147.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) governs a party's request to modify a case schedule. *See Rodrigues v. US Bank Nat'l Ass'n*, No. 3:20-CV-0291-D, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021). To modify a schedule, a party must demonstrate good cause and obtain the judge's consent. *Id.* (citing *Cartier v. Egana of Switzerland (Am.) Corp.*, No. 308-CV-0001-D, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009)); Fed. R. Civ. P. 16(b)(4). The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* (quoting *Puig v. Citibank, N.A.*, 514 F. App'x 483, 487-88 (5th Cir. 2013) (per curiam)). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability

of a continuance to cure such prejudice." *Squyres v. Heico Cos, LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir.2010)).  The Court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *Rodrigues*, 2021 WL 2077650, at *1 (quoting *E.E.O.C. v. Serv. Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012)).

IV.   ARGUMENT

Good cause exists to modify the schedule for the reasons set forth below.

  A.   **The Parties Are Unable to Timely Complete Expert Discovery Under the Current Schedule.**

As explained in Section II, the parties agreed to modify the case schedule by extending the deadline for opening expert reports by one week, then later agreed to a one-week extension to the deadline for rebuttal expert reports.  Although the parties moved the deadlines for opening and rebuttal expert reports, other case deadlines were not shifted proportionately.  ECF Nos. 181, 183.  Thus, the recent extensions have truncated the amount of time the parties have to complete remaining case deadlines.

In particular, the current schedule gives the parties ten business days (from the June 30 deadline for rebuttal expert reports to July 15) to complete all expert depositions, including eight technical expert depositions.  The parties simply will not be able to complete technical expert depositions in this time frame.  In part because much of this time period was spent analyzing rebuttal expert reports, no technical expert depositions are scheduled to be completed before July 15.  CUPP has offered its four technical experts for deposition on July 25, 26, and 28, and August 5.  Trend Micro has offered its technical experts for deposition on dates ranging from July 21 to August 16, to accommodate the experts' various schedules.

3

The technical expert depositions are further complicated by the experts' different geographic locations (e.g., San Jose, Irvine, Boulder, Washington, D.C., Boston, and Pennsylvania). Although Trend Micro intends to take depositions remotely where possible, Trend Micro also hopes to conduct at least some in-person depositions of CUPP's experts. Further complicating the expert depositions is the overseas travel of at least two technical experts. Dr. Meldal will be traveling in Norway in July and August, but can participate in deposition remotely from Norway. Dr. Franz currently is traveling in Germany, but will be back in the United States for an August deposition.

The expert depositions are further complicated by the sheer volume of CUPP's two opening infringement expert reports, which total 3,700 pages. The mere act of CUPP's infringement experts reviewing their reports' 3,700 pages in deposition will take a significant amount of time. Trend Micro therefore expects the depositions of these experts to span multiple days.

Moreover, the parties' joint report on the contents of the scheduling order requires that an expert be available for deposition for an extra two hours for each patent on which the expert opines beyond four patents. ECF No. 38 at 8. The joint rules thus obligate each of Drs. Cole and Black to be available for 11 hours of deposition because each opines on six asserted patents. Drs. Shields, Franz, Mitzenmacher, and Goodrich will be available for 9 hours of deposition. Trend Micro expects that, as a practical matter, the deposition of at least Drs. Cole and Black will span two days. For all these reasons, the parties are unable to complete expert discovery under the current schedule.

B.   A Schedule Extension is Important.

Under the second factor, the Court considers the importance of the requested relief. A

schedule extension is necessary here to ensure the parties have a fair opportunity to complete expert discovery before filing dispositive motions (currently due August 9), and to have sufficient time to meet the remaining case deadlines.  *See Atl. Cas. Ins. Co. v. PrimeLending, A PlainsCapital Co*., No. 3:15-CV-1475-D, 2016 WL 7386208, at *3 (N.D. Tex. Dec. 21, 2016). A schedule extension also is necessary to provide time to conduct supplemental claim construction briefing addressing disclaimer issues arising from CUPP's statements during recent IPR proceedings.

> **1.      An Extension Is Necessary for the Parties to Have Sufficient Time to Complete Expert Discovery Before Dispositive Motions.**

As explained above, an extension is necessary to provide the parties sufficient time to complete expert discovery before the deadline for *Daubert* and dispositive motions, currently scheduled for August 9.  As described above, the parties still have to complete eight technical expert depositions, which requires extending the July 15 deadline for expert discovery.  Moving the expert discovery deadline in turn requires moving the deadline for *Daubert* and dispositive motions because expert discovery is a critical precursor to such motions.

This is especially true in this case because of deficiencies in CUPP's infringement expert reports that will require expert depositions to clarify.  For example, CUPP accuses products that are not in its infringement contentions and that do not match the name of any Trend Micro products, among other problems.  For most claim limitations, CUPP's expert reports do not clearly explain the expert's theory for how a given limitation is satisfied.  The egregious lack of disclosure in CUPP's infringement theories makes it important that Trend Micro has the opportunity to complete at least the infringement expert depositions sufficiently in advance of the deadline for motions for summary judgment.

Extending the deadline for *Daubert* and dispositive motions in turn warrants extending

5

the rest of the case schedule to allow those motions to be resolved sufficiently before trial, and to allow the parties sufficient time to meet the remaining case deadlines.

### 2. A Schedule Extension Also Is Necessary to Allow for Supplemental Claim Construction Briefing.

Extending the schedule also is necessary to allow for supplemental claim construction briefing arising from CUPP's recent statements in a co-pending IPR regarding the meaning of certain claim limitations. The Court has previously recognized that IPRs can create the need for supplemental claim construction briefing. ECF No. 73 at 3 (the Court inquiring whether supplemental claim construction briefing is needed after lifting a stay related to previous IPRs); ECF No. 88 at 2 (the Court entering a schedule that allowed for supplemental claim construction briefing to address potential prosecution disclaimer arising from IPRs).

Specifically, in IPR No. 2021-01236, which is directed to asserted U.S. Patent No. 10,951,632, CUPP recently proposed express constructions of two claim terms for the first time. It proposed that the claim term "security agent" be construed as set forth below.

> **B. "security agent"**
>
> The plain and ordinary meaning of the term "security agent" is *a security system situated within and a part of an environment that senses that environment and acts on it, over time, in pursuit of its own agenda and so as to effect what it senses in the future.* Ex. 2013 at 4. This plain and ordinary meaning is fully

*Trend Micro Inc. v CUPP Computing AS*, IPR2021-01236, Paper 25 at 12 (PTAB April 12, 2022). And it proposed that the claim term "security administrator device" be construed as set forth below.

> C. "security administrator device"
>
> The term "security administrator device" is recited in Independent Claims 1 and 16. '632 Patent at Claims 1, 16. This term is defined in the '632 Patent as *a device that manages the security of a security system*. *Id.* at 6:7-11 ("A security

*Trend Micro Inc. v CUPP Computing AS*, IPR2021-01236, Paper 25 at 12 (PTAB April 12, 2022).

Both of these statements are clear and unequivocal instances of prosecution disclaimer that bind CUPP to the same constructions for purposes of this litigation. "[S]tatements made by a patent owner during an IPR proceeding" can be "relied upon to support a finding of prosecution disclaimer." *Aylus Networks, Inc. v. Apple Inc*., 856 F.3d 1353, 1361-62 (Fed. Cir. 2017); *see also Gillespie v. Dywidag Sys. Int'l, USA*, 501 F.3d 1285, 1291 (Fed. Cir. 2007) ("[t]he patentee is held to what he declares during the prosecution of his patent"); *Greenliant Sys., Inc. v. Xicor LLC*, 692 F.3d 1261, 1271-72 (Fed. Cir. 2012) ("the sole question is whether the argument was made," not "whether the examiner or the Board adopted a certain argument").

Both of these statements also would be patent-dispositive if adopted in this litigation. No accused product satisfies either proposed construction. In CUPP's expert report regarding alleged infringement of the '632 patent, its expert did not even acknowledge these constructions, let alone show they were satisfied by any accused product. Trend Micro therefore respectfully requests an extension of the schedule to allow for supplemental claim construction briefing arising from CUPP's recent statements in the '632 patent IPR.

C.   **A Schedule Extension Would Not Unduly Prejudice CUPP.**

Extending the schedule would not unduly prejudice CUPP. The requested modification is modest because Trend Micro seeks to extend most deadlines by just over a month. The -1251

case was filed in 2018 and has been pending for almost four years. The parties also previously agreed to stay the case for a year pending the Patent Trial and Appeal Board's review of six asserted patents. ECF Nos. 70 (staying case on September 5, 2019), 73 (lifting stay on October 5, 2020). The requested extension is a relatively insignificant amount of time in comparison.

Any allegation of prejudice by CUPP would be belied by CUPP's own failure to timely prepare its opening expert reports in accordance with the Court's original schedule. If CUPP was so eager to adhere to the current schedule, it would have ensured that it completed its opening expert reports by the original deadline. But CUPP did not, and instead required an extension to complete its opening reports, despite having almost four years since the filing of the first complaint to prepare them.

Finally, CUPP has previously indicated its amenability to extending certain case deadlines to dates even later than the dates under the current schedule. In meet-and-confer correspondence with Trend Micro, CUPP previously agreed to extending the rebuttal expert report deadline to July 7 (i.e., extending it by two weeks instead of one week) and extending the expert discovery deadline to August 18. CUPP later retracted that agreement, apparently realizing that those extensions would require moving the rest of the schedule. Trend Micro's proposed revisions to the schedule are similar to those previously agreed-to extensions and simply move the rest of the schedule forward proportionately.

### D. The Availability of a Continuance to Cure Any Prejudice to CUPP.

Although a continuance may not cure any prejudice to CUPP caused by extending the schedule, there is no undue to prejudice to CUPP in the first place, as described above.

## V. CONCLUSION

For the foregoing reasons, Trend Micro respectfully requests that the Court extend the

modified schedule as set forth in Attachment A.

Dated:  July 14, 2022                                   Respectfully submitted,

By:  /s/ Mark D. Fowler
Mark D. Fowler (pro hac vice)
Robert Buergi (pro hac vice)
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA  94303
Tel:  650.833.2000
Fax:  650.833.2001
mark.fowler@dlapiper.com
robert.buergi@dlapiper.com

Kathryn Riley Grasso (pro hac vice)
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC  20004
Tel:  202.799.4782
Fax:  202.799.5022
kathryn.riley@dlapiper.com

C. Michael Moore (State Bar No. 14323600)
DLA Piper LLP (US)
1900 N. Pearl Street, Suite 2200
Dallas, TX  75201
Tel:  214.743.4500
Fax:  214.743.4545
mike.moore@dlapiper.com

Attorneys for Defendants Trend Micro Incorporated, Trend Micro America, Inc., and Trend Micro Incorporated

9

**ATTACHMENT A**

| Event | Current Deadline | New Deadline |
|---|---|---|
| Plaintiffs' Final Election of No More Than 10 Asserted Claims | July 19, 2022 | Same |
| Defendants' Final Election of No More Than 10 Prior Art References | July 26, 2022 | Same |
| Trend Micro's supplemental claim construction briefing related to IPR2021-01236 | N/A | August 5, 2022 |
| CUPP's responsive claim construction brief | N/A | August 12, 2022 |
| Trend Micro's reply claim construction brief | N/A | August 19, 2022 |
| Close of Expert Discovery | July 15, 2022 | August 25, 2022 |
| *Daubert* and Dispositive Motions | August 9, 2022 | September 9, 2022 |
| Deadline to Serve Pretrial Disclosures | September 1, 2022 | October 4, 2022 |
| Objections to Pretrial Disclosures | September 15, 2022 | October 18, 2022 |
| Motions *in Limine* | September 22, 2022 | October 25, 2022 |
| Joint Pretrial Order; Joint Proposed Jury Instructions; Joint Proposed Verdict Form; Responses to Motions in Limine; Updated Exhibit Lists; Updated Witness Lists; and Updated Deposition Designations | October 6, 2022 | November 8, 2022 |
| Final Pretrial Conference | October 24, 2022 | December 5, 2022 |
| Trial | November 7, 2022 | January 9, 2023 or later, subject to the Court's calendar |

i

## CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to Local Rules 7.1(a), (b), and (h), that counsel for the parties met fulfilled their conference obligations regarding the contents of this motion. Counsel for both parties met and conferred on June 13-16 and July 6, 2022.

/s/ *Katie Riley Grasso*
Katie Riley Grasso

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2022, a true and correct copy of the foregoing document was filed electronically using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Mark D. Fowler*
Mark D. Fowler