IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CUPP CYBERSECURITY, LLC and CUPP COMPUTING AS,<br><br>     Plaintiffs,<br>v.<br><br>TREND MICRO, INC.,<br>TREND MICRO AMERICA, INC., and<br>TREND MICRO INCORPORATED,<br><br>     Defendants. | Case No. 3:18-cv-01251-M<br><br>(Consolidated with Civil Action No. 3:20-cv-03206-M) |

**THE TREND MICRO DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE PORTIONS OF DR. COLE'S OPENING EXPERT REPORT**

In CUPP's opposition, it does not seek reconsideration of the Court's order. The Court therefore should hold CUPP to the order as written, which allowed CUPP to add claims to the case only for purposes of OfficeScan 10.6. The Court's reference to only version 10.6 of OfficeScan makes sense in light of CUPP's underlying motion, which identified only Apex One and OfficeScan 10.6 as supposedly new products. None of CUPP's attempts to blame Trend Micro for CUPP's violation of the Court's order warrant holding otherwise. For example, CUPP's assertion that Trend Micro never objected during discovery is plainly false because, in fact, Trend Micro expressly objected twelve times.

## I.    RESPONSE TO CUPP'S STATEMENT OF FACTS

CUPP is incorrect when it suggests that the Court "used the shorthand 'OfficeScan 10.6'" in its January 21, 2021 Order (ECF No. 87) to refer to OfficeScan 10.6 and later versions of OfficeScan. Opp. at 2 (citing ECF No. 87 at 2). The relevant paragraph of the Court's order is set forth below.

> CUPP moves for leave to amend its infringement contentions to add the following eight claims: claims 1, 5, and 12 of the '444 patent, claims 6 and 7 of the '272 patent, claim 6 of the '079 patent, and claims 1 and 21 of the '202 patent. CUPP states that, "[i]n exchange, CUPP intends to drop [the] 14 claims" that PTAB found to be invalid. (ECF No. 79 at 2). CUPP asserts that two of the eight claims it seeks to add, claims 1 and 21 of the '202 patent, are only asserted against two Trend Micro products, Apex One with Device Control ("Apex One") and OfficeScan version 10.6 with Device Control and Smart Autorun Prevention software ("OfficeScan 10.6"), which were released in March 2019 and September 2020, respectively.

ECF No. 87 at 2. Nowhere in this paragraph does the Court refer to later versions of OfficeScan—OfficeScan 11 and OfficeScan XG. To the contrary, the Court indicates that it is

using "OfficeScan 10.6" as shorthand for "OfficeScan version 10.6 with Device Control and Smart Autorun Prevention software." *Id*. That is a single product—OfficeScan version 10.6, which includes the Device Control feature and its Smart Autorun Prevention functionality. OfficeScan 11 and OfficeScan XG are different products, with different features and different release dates. *See* Mot. at 3 (citing Def. App. 591-99, 624-27).[1]

To be sure, the Court refers to "two Trend Micro products," one of which is Apex One and the other of which is "OfficeScan version 10.6," confirming that the Court's use of "OfficeScan 10.6" refers to a single product, not three different products (OfficeScan 10.6, OfficeScan 11, and OfficeScan XG).

The Court's use of "OfficeScan 10.6" in this manner also makes sense in light of the CUPP brief on which the Court was ruling. ECF No. 79. At the outset of that brief, under the heading "Trend Micro's New Products," CUPP asserted (incorrectly) that "Trend Micro released Trend Micro's OfficeScan version 10.6 with Device Control, integrated with Smart Autorun Prevention software, that was released by September 2020 [sic]," as shown below.

---

[1] The OfficeScan 10.6 Administrator's Guide bears a "Release Date" of August 2011. Def. App. 630. The OfficeScan 11 Administrator's Guide bears a "Release Date" of April 2015. Def. App. 569. The OfficeScan XG Administrator's Guide bears a "Release Date" of October 2016. Def. App. 602.

> **3. Trend Micro's New Products**
>
> After CUPP served its PICs, Trend Micro continued to release new, infringing products into the market. In particular, Trend Micro released Trend Micro's OfficeScan version 10.6 with Device Control, integrated with Smart Autorun Prevention software, that was released by September 2020, and Trend Micro's Apex One with Device control that was released by March 2019 (collectively, the "New Trend Micro Products"). *See, e.g.*, Kastens Decl., Exs. 3-4. Both of these new products include functionality associated with security on USB drives that is related to Claims 1 and 21 of CUPP's '202 Patent. CUPP's proposed infringement contentions charts for these products are attached hereto as Exhibits 5 and 6. *See* Kastens Decl., Exs. 5-6.

ECF No. 79 at 3. In that section, CUPP did not define "OfficeScan version 10.6" to be shorthand for "OfficeScan 10.6 or later." *Id*. at 1-3. Accordingly, the Court's order mirrors CUPP's assertion about the identity of Trend Micro's supposedly new products, which CUPP identified as Apex One and "OfficeScan version 10.6" with the Device Control feature. *Id*. at 3.

CUPP's assertion that Trend Micro "never objected" to CUPP's infringement contentions for the '202 patent during discovery also is plainly incorrect. Opp. at 3. On February 3, 2022, Trend Micro served a response to CUPP's Interrogatory No. 7, which addressed non-infringement contentions. In its response, Trend Micro included a non-infringement claim chart for the '202 patent's claims 1 and 21 that included the following objection:

> Further, based on the Court's decision, CUPP's infringement claim is limited to OfficeScan version 10.6. *See* Or. at 7, Jan. 12, 2021 (ECF No. 87) ("CUPP may amend its infringement contentions to assert only claims 1 and 21 of the '202 patent against OfficeScan 10.6"). Accordingly, Trend Micro cannot infringe claim 1 with any other version of OfficeScan or Apex One.

Def. App. 667. That objection exactly mirrors the basis of Trend Micro's present motion. Trend Micro repeated that same objection in that claim chart <u>twelve times</u>. Def. App. 667-68, 671-72, 674-81.

3

## II.     ARGUMENT

### A.     The Court Did Not Grant Leave To Assert Infringement of the Newly Added Claims Based on Versions of OfficeScan After Version 10.6.

Contrary to CUPP's suggestion, the Court simply did not grant CUPP leave to assert infringement of the '202 patent's claims 1 and 21 based on versions of OfficeScan after OfficeScan 10.6, *i.e.*, OfficeScan 11 and OfficeScan XG. Opp. at 2-3. The holding of the Court's order is set forth below.

> IT IS ORDERED that CUPP's Motion for Leave to Amend (ECF No. 79) is GRANTED IN PART and DENIED IN PART. CUPP may amend its infringement contentions to assert only claims 1 and 21 of the '202 patent against OfficeScan 10.6. CUPP's request to add other claims is denied.

ECF No. 87 at 7. This language plainly refers only to OfficeScan 10.6, not OfficeScan 11 or OfficeScan XG. This result is not surprising because the Court's order starts by addressing only two Trend Micro products—Apex One and OfficeScan 10.6. *See* Section I (citing ECF No. 87 at 2). And the Court's order started by addressing only those two products because CUPP's motion, at the outset, identified only those two products as "new products." *See* Section I (citing ECF No. 79 at 3).

CUPP misstates Trend Micro's argument when it asserts that Trend Micro thinks the Court's order "is unclear." Opp. at 6. Trend Micro does not assert that the Court's order is unclear. To the contrary, the Court's order is clear and, as shown above, allows Trend Micro to assert the '202 patent's claims 1 and 21 only "against OfficeScan 10.6."

Although CUPP's reply brief in support of its motion to add those two claims to the case at one point referred to "OfficeScan version 10.6 or later," CUPP never showed that it was entitled to add those claims to the case with respect to the later versions of OfficeScan, *i.e.*,

4

OfficeScan 11 and OfficeScan XG.  ECF. No. 86.  Indeed, its reply brief never mentions OfficeScan 11 or OfficeScan XG by name.  *Id*.  And, as established above, CUPP did not identify OfficeScan 11 or OfficeScan XG as supposedly new products in its opening brief.  ECF No. 79 at 3 (section titled "Trend Micro's New Products").  Instead, it identified only Apex One and OfficeScan 10.6.  *Id*.

CUPP's argument that the Court's order had "no analysis that distinguished later versions of OfficeScan from the discussion of OfficeScan 10.6" does not mean the Court's order extended to those later versions of OfficeScan.  Opp. at 7.  The Court's order did not address the later versions of OfficeScan (OfficeScan 11 and OfficeScan XG) because CUPP's motion did not meaningfully address them in its briefs.  *See* ECF Nos. 79, 86.  For example, neither of CUPP's opening brief or reply brief refer to those products by name.  *Id*.  It therefore is not surprising that the Court's order does not distinguish later versions of OfficeScan from OfficeScan 10.6.

> **B.    Trend Micro Previously Objected and Its Discovery Conduct Made Perfect Sense.**

CUPP's argument that Trend Micro's conduct during discovery showed that the Court's order included OfficeScan 11 and OfficeScan XG misstates the facts and is illogical.  Opp. at 7; *see also* Opp. at 3-5.

For starters, CUPP's argument that Trend Micro "never objected" to CUPP's inclusion of later versions of OfficeScan in its infringement contentions is plainly false.  Opp. at 3, 8.  As established above, Trend Micro expressly objected to CUPP's infringement contentions for the '202 patent to the extent they went beyond OfficeScan 10.6.  Def. App. 667; *see also* Section I.  And Trend Micro did so not once, but twelve times.  *See* Section I; Def. App. 667-68, 671-72, 674-81.

Moreover, Trend Micro's discovery conduct made perfect sense.  Trend Micro's

5

production of documents and source code for all versions of OfficeScan was appropriate in light of CUPP's infringement contentions for the '202 patent, to which Trend Micro objected. CUPP's suggestion that Trend Micro should have withheld documents and source code related to later versions of OfficeScan is illogical because CUPP infringement contentions for other patents extended to all versions of OfficeScan. For example, CUPP asserted infringement of U.S. Patent No. 10,417,400 based in part on "OfficeScan (version XG or later)." Def. App. 685-86. Similarly, CUPP asserted infringement of the '400 patent based in part on Trend Micro's Smart Protection for Endpoints suite, which includes OfficeScan. Def. App. 685 (accusing "Smart Protection for Endpoints"); Def. App. 699 ("Suite Components … OfficeScan"). CUPP likewise accused the Smart Protection for Endpoints suite as infringing eight additional patents. Def. App. 686-90 (identifying that suite as an accused product for each of the '462, '421, '344, '656, '688, '975, '834, and '632 patents). Trend Micro's production of documents and source code relating to OfficeScan therefore does not imply anything about the scope of the Court's order related to the '202 patent.

CUPP's similar argument based on Trend Micro's expert reports addressing all versions of OfficeScan for purposes of non-infringement and non-infringing alternatives fails for the same reasons. Opp. at 7. For example, in CUPP's opening expert report regarding alleged infringement of the '202 patent's claims 1 and 21, CUPP's expert Dr. Cole accuses "OfficeScan" of infringement. Mot. at 1 (citing Def. App. 3). Had Trend Micro not served a rebuttal expert report establishing that no version of OfficeScan infringes those claims, it would have risked waiving its right to assert a non-infringement defense for those products and claims at trial in the event that the Court does not strike the portions of Dr. Cole's opinions at issue. Trend Micro could not have waited to respond to Dr. Cole's infringement theories for OfficeScan 11 and

6

OfficeScan XG until after the Court ruled on the present motion. CUPP's suggestion that Trend Micro should not have responded to Dr. Cole's infringement theories for OfficeScan 11 and OfficeScan XG simply does not make sense. Trend Micro's expert reports therefore were proper and in no way rewrote the plain text of the Court's order.

### C.  The Court's Order Alone Sufficiently Supports Trend Micro's Motion.

CUPP's argument that Trend Micro's motion is unsupported by caselaw is incorrect and also irrelevant. Opp. at 8. The only authority needed to support Trend Micro's motion is the Court's order, the text and scope of which are clear. ECF No. 87. No caselaw is required.

Nonetheless, Trend Micro cites caselaw establishing that courts regularly strike portions of expert reports for failure to comply with patent local rules, failure to comply with a court's previous orders, or other reasons. Mot at 2. CUPP's attempt to distinguish those cases on the facts is not enough to justify its violation of the Court's order in this case.

### D.  There Is No Estoppel.

CUPP's estoppel argument fails at least for the reasons set forth above. Opp. at 8-9. CUPP asserts that Trend Micro's position is "inconsistent with a position previously taken," but Trend Micro has never taken the position that Dr. Cole's report properly asserts infringement of the '202 patent's claims 1 and 21 based on OfficeScan versions other than version 10.6. *Id*. To the contrary, Trend Micro during discovery expressly objected to CUPP's infringement contentions for the '202 patent to the extent they went beyond OfficeScan 10.6. *See* Section II.B. And Trend Micro timely objected to Dr. Cole's report and timely filed the present motion seeking to strike portions of that report, as established above. *See* Section II.B.

As also established above, Trend Micro's production of documents and source code related to all versions of OfficeScan made sense in light of CUPP's infringement contentions, which encompassed all versions of OfficeScan for the '400 patent and many other asserted

7

patents. *See* Section II.B. Trend Micro's expert reports made sense for similar reasons, as also established above. *Id*. Trend Micro's discovery conduct therefore does not give rise to estoppel and does not extinguish CUPP's obligation to comply with the bounds of the Court's order.

Finally, CUPP's citation to *Hill v. Estate of Hill* only confirms there is no estoppel. Opp. at 8. *Hill* states that finding estoppel requires, among other things, "another's disadvantage." *Hill v. Estate of Hill*, No. 3:20-cv-3634-L, 2022 WL 891102, at *14 (N.D. Tex. Mar. 25, 2022). CUPP has suffered no disadvantage or prejudice related to the '202 patent, and CUPP does not establish otherwise. Opp. at 8-9. For example, Dr. Cole's infringement theory for the '202 patent's claims 1 and 21 does not change for the different versions of OfficeScan. ECF No. 229-1 (Trend Micro's Motion for Summary Judgment) at 15 (citing that motion's Def. App. 1019-20) (grouping all of the accused OfficeScan products together with other products that include Device Control and treating them as one homogenous group named the "Accused DLP/Device Control Products"). Dr. Cole therefore had to perform little to no extra work to accuse all versions of OfficeScan. The only party being disadvantaged is Trend Micro, as a result of CUPP violating the Court's order.

      **E.**    **Trend Micro Is Not Seeking Reconsideration of the Court's Order.**

Contrary to CUPP's assertion, Trend Micro is not seeking reconsideration of the Court's order. Opp. at 10-12. Indeed, Trend Micro asserts in its motion that "the Court should not revisit that order." Mot. at 3 (emphasis added). There is no need to revisit the order because it is clear on its face when it allows CUPP to add claims to the case based only on OfficeScan 10.6. *See* Section II.A. CUPP also does not seek reconsideration of the Court's order. Opp. at 10-12. And any such request would be untimely. Mot. at 3-4. Accordingly, the Court should hold CUPP to the order as written.

8

## III.  CONCLUSION

For the foregoing reasons, Trend Micro respectfully requests that the Court strike Dr. Cole's opinions regarding the '202 patent's claim 21 to the extent they apply to any product other than OfficeScan 10.6.


Dated:  September 9, 2022

Respectfully submitted,

By:  /s/ Robert Buergi
Mark D. Fowler (*pro hac vice*)
Robert Buergi (*pro hac vice*)
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA  94303
Tel:  650.833.2000
Fax:  650.833.2001
mark.fowler@dlapiper.com
robert.buergi@dlapiper.com

Kathryn Riley Grasso (*pro hac vice*)
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC  20004
Tel:  202.799.4782
Fax:  202.799.5022
kathryn.riley@dlapiper.com

C. Michael Moore (State Bar No. 14323600)
DLA Piper LLP (US)
1900 N. Pearl Street, Suite 2200
Dallas, TX  75201
Tel:  214.743.4500
Fax:  214.743.4545
mike.moore@dlapiper.com

*Attorneys for Defendants Trend Micro Incorporated, Trend Micro America, Inc., and Trend Micro Incorporated*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 9, 2022, a true and correct copy of the foregoing document was filed electronically using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                           */s/ Robert Buergi*
                                                           Robert Buergi