IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CUPP CYBERSECURITY, LLC, and CUPP COMPUTING AS, <br><br> Plaintiffs, <br><br> v. <br><br> TREND MICRO, INC., TREND MICRO AMERICA, INC., and TREND MICRO INCORPORATED, <br><br> Defendants. | No. 3:18-cv-01251-M <br><br> (Consolidated with Case No. 3:20-cv-03206-M) |

**PLAINTIFFS CUPP CYBERSECUTIY, LLC AND
CUPP COMPUTING AS' WITNESS LIST**

Plaintiffs CUPP Cybersecurity, LLC, and CUPP Computing AS (collectively, "CUPP") submits the following list of witnesses that CUPP intends to call at trial, either live or by deposition. In addition to the witnesses listed below, CUPP reserves the right to call a witness, either live or by deposition, following the pretrial conference, entry of the pretrial order, and following the Court's ruling on pending motion and motions *in limine*, any ruling regarding the amount of time allotted for the parties to present their case at trial, or any other changed circumstances. Furthermore, CUPP reserves to right to call one or more witnesses for rebuttal or impeachment purposes, and further reserves the right to call any person disclosed in any of Defendants Trend Micro, Inc.'s, Trend Micro America, Inc.'s, and Trend Micro Incorporated's (collectively, "Trend Micro") witness list or Trend Micro's Initial Disclosures. CUPP also reserves the right to modify or supplement its Witness List. The summaries of testimony provided in the chart below are indicative only and are not intended to be limiting. CUPP reserves the right to question each witness on any admissible topics.

1

**TREND MICRO'S OBJECTIONS TO CUPP'S WITNESS LIST**

Trend Micro hereby objects to the following disclosures on CUPP's Witness List. The objections are supplemental to any pending motions, including without limitation Trend Micro's summary judgment motions, *Daubert* motions, and any forthcoming motions *in limine*, and are not intended to limit the scope of any such motions. Indeed, Trend Micro objects to any testimony from any of witness identified on CUPP'S Witness List that is subject to Trend Micro's summary judgment motions, *Daubert* motions, and any forthcoming motions *in limine*.

Trend Micro objects to any use of deposition designation testimony of any witness where CUPP has not demonstrated these individuals are unavailable to testify live, *see* Fed. R. Evid. 804. Trend Micro objects to any attempt to call Trend Micro's employees as live trial witnesses, *see* Fed. R. Civ. P. 45(c)(1). Trend Micro objects to CUPP calling any witness by designation whom Trend Micro intends to present live at trial. Trend Micro intends to incorporate by reference its objections and counter-designations to CUPP's deposition designations as well as any evidentiary issues to be raised at the pre-trial conference.

Trend Micro generally objects to testimony from any witness insofar as it is covered by, or contrary to, any court order or party agreement. Trend Micro further reserves the right to object on any ground of improper or irrelevant testimony advanced at trial by any of CUPP's witnesses (including on cross-examination of CUPP's or third-party witnesses).

Trend Micro does not know the precise nature or scope of the testimony and evidence that CUPP may seek to present at trial. As such, Trend Micro reserves the right to modify, amend, or supplement its objections prior to or during trial including, by way of example and not of limitation, rulings by the Court including on any *Daubert* motions, summary judgment motions, and/or any forthcoming motions *in limine*, or any other case developments.

Trend Micro expressly reserves the right to supplement, amend, or otherwise modify its objections to CUPP's Witness List based on circumstances as they may evolve prior to, during, or after the commencement of trial.

| Name | Deposed? | Classification | Summary of Testimony |
|---|---|---|---|
| Dr. Harry Bims | Yes | Probable | Dr. Harry Bims is the President for U.S. Operations of CUPP. Dr. Bims is a fact witness who is expected to testify about CUPP's business activity and CUPP's technology. |
| Christian Bryn | Yes | Probable | Christian Bryn is a General Manager and a Member of the Board of Directors of CUPP. Mr. Bryn is a fact witness who is expected to testify about CUPP's history, CUPP's business activity, and CUPP's technology. |
| Erik Christoffersen | Yes | Possible | Erik Christoffersen is the Chairman of the Board of Directors of CUPP. Mr. Christoffersen is a fact witness who is expected to testify about CUPP's history and CUPP's business activity. |
| Omar Nathaniel Ely | Yes | Possible | Omar Nathaniel Ely is an inventor of U.S. Patent No. 10,496,834. Mr. Ely is a fact witness who is expected to testify about the founding of CUPP, the conception and reduction to practice of certain of the claimed inventions, and the CUPP's acquisition of certain of the Patents-in-Suit. |
| Arthur L. Swift, IV | Yes | Possible | Arthur L. Swift is the former Chief Executive Officer of CUPP from 2012 to 2016, and is currently an investor in CUPP and an advisor to the Board of Directors of CUPP. Mr. Swift is a fact witness who is expected to testify about CUPP's business activity and CUPP's technology. |

| Name | Deposed? | Classification | Summary of Testimony |
|---|---|---|---|
| Shlomo Touboul | Yes | Possible | Shlomo Touboul is an inventor of U.S. Patent Nos. 8,365,272; 8,789,202; 9,747,444; 9,756,079; 10,089,462; 10,417,400; and 10,417,421. Mr. Touboul is a fact witness who is expected to testify about the conception and reduction to practice of certain of the claimed inventions, and technical aspects regarding CUPP's product development. |
| Dr. Eric Cole | Yes | Expert witness; Probable | Dr. Eric Cole is an expert technical witness who analyzed the accused products and the '272, '202, '079, '400, and '834 Patents, and submitted an expert report addressing (1) the infringement of the '272, '202, '079, '400, and '834 Patents; (2) the technical apportionment of the '272, '202, '079, '400, '834, '444, '462, and '421 Patents; and (3) licenses that are technically comparable to the '272, '202, '079, '400, '834, '444, '462, and '421 Patents. Further, Dr. Cole provided expert opinion regarding Trend Micro's infringement of the non-infringing alternatives to the '444, '462, '421, '834, '272, '202, '079, and '400 Patents. Dr. Cole is expected to testify about his opinions set forth in his expert report. |
| Dr. Michael T. Goodrich | Yes | Expert witness; Probable | Dr. Michael T. Goodrich is an expert technical witness who analyzed the accused products and the '272, '444, '079, '462, and '421 Patents, and submitted an expert report addressing the validity of '272, '444, '079, '462, and '421 Patents. Dr. Goodrich is expected to testify about his opinions set forth in his expert report. |

| Name | Deposed? | Classification | Summary of Testimony |
|---|---|---|---|
| Dr. Trent Jaeger | Yes | Expert witness; Probable | Dr. Trent Jaeger is an expert technical witness who analyzed the accused products and the '202, '400, and '834 Patents, and submitted an expert report addressing the validity of '202, '400, and '834 Patents. Dr. Jaeger is expected to testify about his opinions set forth in his expert report. |
| Dr. Michael Mitzenmacher | Yes | Expert witness; Probable | Dr. Michael Mitzenmacher is an expert technical witness who analyzed the accused products and the '444, '462, and '421 Patents, and submitted an expert report addressing the infringement of the '444, '462, and '421 Patents. Dr. Mitzenmacher is expected to testify about his opinions set forth in his expert report. |
| Marcus Reading | Yes | Expert witness; Probable | Mr. Marcus Reading is an expert witness who analyzed the facts relating to damages, and submitted an expert report addressing the reasonable royalty for Trend Micro's infringement of CUPP's asserted patents. Mr. Reading is expected to testify about his opinions set forth in his expert report. |
| Defendants' Witnesses who have been deposed and are able to testify knowledgeably regarding Defendants' business, technology, licensing practices, sales and marketing, and the operation of its products/services. | Yes | Probable | CUPP may call any of Defendants' witnesses, either live or by deposition, who have been disclosed in any of Trend Micro's witness list or Initial Disclosures and has knowledge of Defendants' business, technology, licensing practices, sales and marketing, and the operation of its products/services. |

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  October 6, 2022 | *s/ Kristopher Kastens* <br> Paul J. Andre (*pro hac vice*) <br> Lisa Kobialka (*pro hac vice*) <br> James Hannah (*pro hac vice*) <br> Kristopher Kastens (*pro hac vice*) <br> KRAMER LEVIN NAFTALIS <br> & FRANKEL LLP <br> 333 Twin Dolphin Drive, Suite 700 <br> Redwood Shores, CA 94065 <br> (650) 752-1700 <br> pandre@kramerlevin.com <br> lkobialka@kramerlevin.com <br> jhannah@kramerlevin.com <br> kkastens@kramerlevin.com <br><br> Mark C. Nelson <br> Bar Number: 00794361 <br> BARNES & THORNBURG LLP <br> 2121 N. Pearl Street, Suite 700 <br> Dallas, TX 75201 <br> Telephone: 214-258-4140 <br> Fax: 214-258-4199 <br> Email: mnelson@btlaw.com <br><br> *Attorneys for Plaintiffs,* <br> CUPP Cybersecurity LLC and CUPP Computing AS |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certify that, on October 6, 2022, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to counsel of record who have consented to electronic service.

*s/ Kristopher Kastens*
Kristopher Kastens
