**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| CUPP CYBERSECURITY, LLC and<br>CUPP COMPUTING AS,<br><br>      Plaintiffs,<br>v.<br><br>TREND MICRO, INC.,<br>TREND MICRO AMERICA, INC., and<br>TREND MICRO INCORPORATED,<br><br>      Defendants. | Case No. 3:18-cv-01251-M<br><br>(Consolidated with Civil Action No. 3:20-cv-03206-M) |

**THE TREND MICRO DEFENDANTS' MOTION TO PARTIALLY STAY
THIS CASE AS TO U.S PATENT NOS. 8,365,272 AND 9,756,079
PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................................... 1

II.    STATEMENT OF FACTS .............................................................................................. 1

       A.    The Pending *Inter Partes* Reviews of the '272 and '079 Patents ........................... 1

       B.    Status of this Case .................................................................................................. 2

III.   LEGAL STANDARDS ................................................................................................... 3

IV.    ARGUMENT ................................................................................................................... 3

       A.    The IPRs Almost Certainly Will Simplify This Case. ............................................ 4

             1.    The PTAB Almost Certainly Will Find These Patents' Asserted
                   Claims Unpatentable. ................................................................................... 6

       B.    CUPP Will Not Suffer Undue Prejudice. .............................................................. 10

       C.    A Stay Will Conserve Significant Resources. ...................................................... 12

V.     CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

**CASES**

*Cywee Grp. Ltd. v. Samsung Elecs. Co.*,
    No. 2:17-CV-140, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019)..........................................12

*Emp. L. Compliance, Inc. v. Compli, Inc.*,
    No. 3:13-CV-3574-N, 2014 WL 3739770 (N.D. Tex. May 27, 2014)....................................11

*Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*,
    No. 6:15-CV-59, 2016 WL 4394485 (E.D. Tex. May 12, 2016) ..............................................4

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)..................................................................................................................3

*Micrografx, LLC v. Samsung Telecomm. Am., LLC*,
    No. 3:13-cv-3599-N, 2014 WL 8239371 (N.D. Tex. Jul. 9, 2014) ..........................................3

*Murata Mach. USA v. Daifuku Co.*,
    830 F.3d 1357 (Fed. Cir. 2016)................................................................................................3

*NFC Tech. LLC v. HTC Am., Inc.*,
    No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015).........................4, 11

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
    No. 6:13-cv-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014)..................................4, 12

*Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*,
    No. 4:19-CV-487, 2020 WL 1236266 (E.D. Tex. Mar. 13, 2020) ..........................................11

*SSL Servs., LLC v. Cisco Sys., Inc.*,
    No. 2:15-CV-433-JRG, 2016 WL 3523871 (E.D. Tex. Jun. 28, 2016)...................................11

*Trend Micro Inc. v. CUPP Computing AS*,
    Nos. 2020-2237, 2020-2238, 2022 WL 14366176 (Fed. Cir. Oct. 25, 2022)...................2, 8, 9

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014)..........................................................................................3, 10

*ZitoVault, LLC v. Int'l Bus. Machs. Corp.*,
    No. 3:16-cv-00962-M, 2016 WL 9244739 (N.D. Tex. Jul. 11, 2016)................................3, 12

**OTHER AUTHORITIES**

*Changes to Implement Inter Partes Review Proceedings, Post-Grant Proceedings,
    and Transitional Program for Covered Business Method Patents*,
    77 Fed. Reg. 48680-81 (Aug. 14, 2012) ................................................................................12

Patent L.R. 3-1(a)(6) .............................................................................................................. 10

Defendants Trend Micro Incorporated (a Japanese corporation), Trend Micro America, Inc., and Trend Micro Incorporated (a California corporation) (collectively, "Trend Micro") respectfully request that the Court partially stay this case with respect to two asserted patents until the Patent Trial and Appeal Board ("PTAB") has ruled in the remanded *inter partes* reviews ("IPRs") of those patents' asserted claims.

## I.   INTRODUCTION

CUPP is asserting eight patents, including U.S. Patent Nos. 8,365,272 and 9,756,079. CUPP is asserting one claim from each of the '272 and '079 patents—the '272 patent's claim 16 and the '079 patent's claim 7. These two claims were the subject of IPRs where the PTAB erroneously found that the prior art did not disclose just one limitation from each claim, the "dynamically isolating" limitation. The Federal Circuit recently vacated the Board's final written decisions in each of those IPRs and found that the prior art does, in fact, disclose that limitation. In the remanded IPRs, Trend Micro asserts a ground of unpatentability for each of these two claims that is now uncontested. Specifically, Trend Micro asserts a ground of unpatentability for each of these two claims where the Board and the Federal Circuit collectively have rejected all of CUPP's challenges to Trend Micro's arguments. Accordingly, the Board is all but certain to find these claims unpatentable on remand. The Court therefore should stay this case with respect to these two patents. Doing so will materially simplify the case and conserve resources, and will not unduly prejudice CUPP.

## II.   STATEMENT OF FACTS

### A.   The Pending *Inter Partes* Reviews of the '272 and '079 Patents

Trend Micro filed a petition for IPR of the '272 patent on January 11, 2019, and filed a petition for IPR of the '079 patent on January 30, 2019, based in part on the "Sikdar" prior art

1

reference.[1]  On July 26, 2019, the PTAB instituted IPR of both patents.[2]  On July 6, 2020, the PTAB issued a final written decision in each IPR.  It found unpatentable the '272 patent's claim 1, but did not find unpatentable that patent's claims 7 or 16.  Def. App. 134.  It also found the '079 patent's claim 1 to be unpatentable, but did not find unpatentable that patent's claims 6 or 7.  Def. App. 190.  Regarding the '272 patent's claim 16 and the '079 patent's claim 7, the PTAB (erroneously) found that the prior art did not disclose each claim's limitation that referred to "dynamically isolating."  Def. App. 130, 185.  Trend Micro appealed both final written decisions to the United States Court of Appeals for the Federal Circuit.

On October 25, 2022, the Federal Circuit vacated both final written decisions and remanded the matters back to the PTAB for further proceedings.  *Trend Micro Inc. v. CUPP Computing AS*, Nos. 2020-2237, 2020-2238, 2022 WL 14366176, at *1 (Fed. Cir. Oct. 25, 2022).  The Federal Circuit found that "no substantial evidence supports the Board's finding that Sikdar does not disclose 'dynamically isolating.'"  *Id*. at *6.  It also found that "Sikdar <u>does</u> teach that requirement under the Board's express construction, which the parties accept."  *Id*. (emphasis added).

The PTAB "has established a goal to issue decisions on remanded cases within six months of the Board's receipt of the Federal Circuit's mandate."  Def. App. 194 (Patent Trial and Appeal Board Standard Operating Procedure 9).

### B. Status of this Case

CUPP is asserting ten claims across eight patents: the '272, '079, '202, '444, '400, '462, '421, and '834 patents.  ECF No. 202 (CUPP's election of claims).  CUPP is asserting one claim from the '272 patent (claim 16) and one claim from the '079 patent (claim 7).  *Id*.  The Court has

---

[1] WO Intl. Pat. Pub. No. 2006/069041 to Sikdar.
[2] IPR2019-00561 and IPR2019-00641.

scheduled a hearing on the parties' motions for summary judgment and *Daubert* motions on November 10th. ECF No. 318. The pre-trial conference is scheduled for January 13, 2023, and jury selection is scheduled for February 3, 2023. *Id.*

### III.  LEGAL STANDARDS

It is well established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (affirming a district court's refusal to lift a stay pending IPR). "Courts have inherent authority to manage their dockets, including the authority to stay proceedings pending reexamination of a patent." *ZitoVault, LLC v. Int'l Bus. Machs. Corp.*, No. 3:16-cv-00962-M, 2016 WL 9244739, at *1 (N.D. Tex. Jul. 11, 2016); *see also Micrografx, LLC v. Samsung Telecomm. Am., LLC*, No. 3:13-cv-3599-N, 2014 WL 8239371, at *2 (N.D. Tex. Jul. 9, 2014). Arguments in favor of a stay are enhanced after the PTAB has instituted IPR proceedings. *See, e.g.*, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) ("the case for a stay is stronger after post-grant review has been instituted").

In deciding whether to stay litigation pending IPR, this Court typically considers three factors: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *See ZitoVault*, 2016 WL 9244739, at *1; *Micrografx*, 2014 WL 8239371, at *1.

### IV.  ARGUMENT

The remanded IPRs almost certainly will simplify this case because the Board almost certainly will find the '272 and '079 patents' asserted claims to be unpatentable. The Board's

3

statistics show that, in the most recent quarter, it found 78% of all the claims it addressed in final written decisions to be unpatentable. On top of this, in each remanded IPR, Trend Micro asserts a ground of unpatentability for each patent's asserted claim that is now uncontested by CUPP. The Board therefore is even more likely than the 78% statistical baseline to find these claims unpatentable. Its doing so will materially simplify this case by eliminating from this case the many issues related to non-infringement and invalidity specific to these patents. In particular, the parties dispute at least eight different claim limitations from these patents for purposes of non-infringement and dispute all of the limitations from these patents for purposes of invalidity. Moreover, staying the case with respect to these two patents will not unduly prejudice CUPP, which seeks only monetary damages. A stay also will conserve significant resources by materially simplifying the trial.

### A. The IPRs Almost Certainly Will Simplify This Case.

"The most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court." *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.,* No. 6:15-CV-59, 2016 WL 4394485, at *3 (E.D. Tex. May 12, 2016). "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (internal quotation marks omitted); *see also Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014) (a stay is "particularly justified where the outcome of the [PTAB proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [PTAB proceeding], would eliminate the need to try the infringement issue").

CUPP is asserting eight patents and ten claims. ECF No. 202. The '272 and '079 patents

4

represent two of those eight patents and two of the ten asserted claims. A finding by the PTAB that these two claims are unpatentable would materially reduce the scope of this case by eliminating all of the many issues raised by only these patents' asserted claims, *i.e.*, the '272 patent's claim 16 and the '079 patent's claim 7. For example, these patents' asserted claims are the only asserted claims that recite the following limitations:

    a. network address translation;[3]

    b. routing data using a driver;[4]

    c. providing data to an external network;[5]

    d. a network interface configured to be coupled to an external network;[6]

    e. a firewall;[7]

    f. a firewall configured to implement network-level and application-level security;[8]

    g. a firewall configured to reject incoming packets if they include malicious content and allow them otherwise;[9] and

    h. a computer system that sends to the firewall data including an application identifier.[10]

Trend Micro disputes that each of these limitations is present in one or more accused products. Eliminating these two patents from the case therefore will eliminate the need to address these limitations at trial for purposes of alleged infringement. Doing so will eliminate the need for fact witnesses to address the accused functionality related to these limitations, and will eliminate the need for CUPP's infringement expert Dr. Cole and Trend Micro's non-infringement expert Dr.

---

[3] '272 patent at 26:41-43 (Def. App. 40); '079 patent at 26:24-27 (Def. App. 82).
[4] '272 patent at 26:44-46 (Def. App. 40).
[5] '272 patent at 26:48-49 (Def. App. 40).
[6] '079 patent at 26:5-6 (Def. App. 82).
[7] '079 patent at 26:7 (Def. App. 82).
[8] '079 patent at 26:8-10 (Def. App. 82).
[9] '079 patent at 26:10-16 (Def. App. 82).
[10] '079 patent at 26:17-23 (Def. App. 82).

Black to address these limitations for multiple accused products.[11]

Trend Micro's invalidity defense and CUPP's opposition to Trend Micro's invalidity defense raise additional issues specific to these two patents. Trend Micro's expert Dr. Meldal opines that the SonicWall TZ 150 discloses and/or renders obvious each limitation of these two asserted claims. But CUPP's expert Dr. Goodrich disputes that the SonicWall prior art discloses any limitation of these two patents. Def. App. 214-216 (Goodrich report) (disputing that the prior art discloses any of limitations 16.a through 16.d and 7.a through 7.d). These disputes address limitations beyond the list above, such as each asserted claim's "dynamically isolating" limitation. Eliminating these two patents from the case therefore will further simplify the case by eliminating the need for these experts to address these many additional issues regarding invalidity.

### 1. The PTAB Almost Certainly Will Find These Patents' Asserted Claims Unpatentable.

This factor further supports a stay because the PTAB almost certainly will find these patents' asserted claims (*i.e.*, the '079 patent's claim 7 and the '272 patent's claim 16) to be unpatentable. For each of these two claims, there now is an IPR ground of unpatentability where, for each remaining limitation beyond the "dynamically isolating" limitation, either 1) CUPP does not challenge the limitation, or 2) CUPP previously challenged the limitation and the Board rejected CUPP's argument. In other words, in each IPR, Trend Micro asserts a ground of unpatentability that now is uncontested. When this fact is combined with the already high statistical likelihood that the PTAB will find these two claims to be unpatentable, it is almost

---

[11] CUPP asserts infringement of each of the '272 and '079 patents based on the following accused products: 1) Mobile Security for Enterprise; 2) multiple "Worry-Free" products; and 3) the Smart Protection Suite product bundles. CUPP additionally asserts infringement of the '079 patent based on the Control Manager/Apex Central product.

certain that the Board will find these claims to be unpatentable.

          a.    <u>The '079 Patent's Claim 7.</u>

Specifically, with regard to the '079 patent's claim 7, the table below sets forth the current landscape of the remanded '079 patent IPR's Ground 3, which challenges claim 7 based on Sikdar combined with the "RFC 2616" prior art.[12] The table indicates which limitations CUPP has challenged for this ground and which of those issues the Board already has resolved.

|  | **Claim 7 Limitation** | **Has CUPP Challenged This Limitation in Ground 3?** | **Has the Board Already Resolved the Issue in Dispute?** |
|---|---|---|---|
| 7.pre | "A system …" | No | N/A |
| 7.A | "a network interface …" | No | N/A |
| 7.B | "a firewall in communication with the network interface …" | No | N/A |
| 7.C | "a computer system … configured to send … an application identifier …" | No | N/A |
| 7.D.i | "an address translation engine …" | Yes | Yes |
| 7.D.ii | "… thereby dynamically isolating the particular application …." | Yes | N/A in light of the recent Federal Circuit decision. |

As shown, for Ground 3, CUPP challenged only the "address translation engine" and "dynamically isolating" limitations of claim 7. Def. App. 573, 595-98 (CUPP's IPR preliminary response brief); Def. App. 606-07, 641-48 (CUPP's IPR response brief). Regarding the "address translation engine" limitation, the Board already found that Sikdar discloses such functionality when it found that Sikdar discloses a substantially identical limitation of the patent's claim 1. Def. App. 166-67 ('079 patent final written decision) ("Sikdar teaches an address translation engine configured to translate between private application IP addresses and an external IP

---

[12] In the IPR, RFC 2616 also is sometimes referred to as "Fielding."

address."). Thus, the Board already has rejected CUPP's challenge to this limitation, and there is no dispute left for the Board to resolve for this limitation.

Regarding the "dynamically isolating" limitation, the Federal Circuit found that Sikdar's network address translation functionality discloses that limitation. *See* Section II.A; *see also Trend Micro*, 2022 WL 14366176, at *4-5. Thus, for this limitation, there is no dispute left for the Board to resolve.

In summary, for Ground 3, either the Board or the Federal Circuit has resolved all of CUPP's challenges in Trend Micro's favor. Therefore, Trend Micro's invalidity arguments in Ground 3 are now uncontested.

        b.      The '272 Patent's Claim 16.

With regard to the '272 patent's claim 16, the table below sets forth the current landscape of the remanded '272 patent IPR's Ground 3, which challenges claim 16 based on the '272 patent's Figure 18, which is applicant-admitted prior art (the "APA"),[13] combined with the Sikdar prior art reference. The table indicates which limitations CUPP has challenged for this ground and which of those issues the Board already has resolved.

|  | Claim 16 Limitation | Has CUPP Challenged This Limitation in Ground 3? | Has the Board Already Resolved the Issue in Dispute? |
|---|---|---|---|
| 16.pre | "A method within a computer …" | No | N/A |
| 16.A | "receiving the outgoing data …" | No | N/A |
| 16.B | "translating, using a network address translation engine …" | Yes | Yes |
| 16.C.i | "routing, using a driver … the outgoing data …" | No | N/A |

---

[13] In the IPR, the APA also is sometimes referred to as the "AAPA."

| 16.C.ii | "… thereby dynamically isolating the internal address …" | Yes | N/A in light of the recent Federal Circuit decision. |
|---|---|---|---|
| 16.D | "providing … the subset of the outgoing data to the external network." | Yes | Yes |

As shown, for Ground 3, CUPP challenged the "translating …," "dynamically isolating," and "providing …" limitations of claim 16. Def. App. 688, 683-87 (CUPP's IPR preliminary response brief); Def. App. 698, 747-49 (CUPP's IPR response brief). Regarding the "translating …" limitation, the Board already found that Sikdar discloses the recited network address translation and that it would have been obvious to combine such functionality with the APA prior art. Def. App. 121-28 ('272 patent final written decision, addressing the substantially identical limitation of claim 1). Thus, the Board already has rejected CUPP's challenge to this limitation, and there is no dispute left for the Board to resolve for this limitation.

Regarding the "dynamically isolating" limitation, the Federal Circuit found that Sikdar's network address translation functionality discloses that limitation. *See* Section II.A; *see also Trend Micro*, 2022 WL 14366176, at *4-5. And, as described for the "translating …" limitation, the Board already found that it would have been obvious to combine Sikdar's address translation functionality with the APA. When one does so, the modified APA system also would satisfy the "dynamically isolating" limitation. Thus, for this limitation, there is no dispute left for the Board to resolve.

Regarding the "providing …" limitation, the Board rejected CUPP's challenge to this limitation by rejecting CUPP's proposed construction of the claim language "the subset." Def. App. 107-08 ('272 patent final written decision). Because CUPP's challenge to this limitation was based on its rejected construction, there is no dispute left for the Board to resolve for this limitation. Def. App. 749, 745-47 (CUPP's IPR response brief).

9

In summary, for Ground 3, either the Board or the Federal Circuit has resolved all of CUPP's challenges in Trend Micro's favor. Therefore, Trend Micro's invalidity arguments in Ground 3 are now uncontested.

### c. The PTAB's Statistics.

Furthermore, the PTAB's statistics show that, even for contested grounds of unpatentability, the Board is highly likely to find claims unpatentable in final written decisions. Specifically, in the most recent quarter for which statistics are available, the Board addressed the patentability of 5,824 claims in final written decisions. Def. App. 774 (PTAB statistics).[14] Of these, it found 4,526 claims, or 78% of the claims, to be unpatentable. *Id*. Because the IPRs at issue include uncontested grounds of invalidity, the likelihood of the claims at issue being found unpatentable is even greater than this already high percentage.

\* \* \*

In sum, the PTAB almost certainly will find these patents' two asserted claims unpatentable. In doing so, the Board will materially simplify this case by eliminating the need to try the many issues related to non-infringement and invalidity that are specific to these two patents. Accordingly, this factor favors staying the case with respect to these two patents.

### B. CUPP Will Not Suffer Undue Prejudice.

A stay will not unduly prejudice CUPP or present a clear tactical disadvantage. CUPP does not contend that it makes or sells any product that practices the two patents at issue. Def. App. 782 (identifying no products under Patent L.R. 3-1(a)(6)). CUPP also does not compete with Trend Micro. Further, CUPP can be fully compensated for any alleged harm via monetary damages. *See VirtualAgility*, 759 F.3d at 1318 ("[a] stay will not diminish the monetary damages

---

[14] The fourth bar of the bar graph shows 1,298 claims found patentable and 4,526 claims found unpatentable, for a total of 5,824 claims.

to which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages"); *SSL Servs., LLC v. Cisco Sys., Inc.,* No. 2:15-CV-433-JRG, 2016 WL 3523871, at *2 (E.D. Tex. Jun. 28, 2016) ("Where a plaintiff seeks only money damages, a stay will not diminish the monetary damages to which plaintiff will be entitled if it succeeds") (internal quotation marks omitted); *NFC Tech.*, 2015 WL 1069111, at *2 (noting that prejudice based on "delay in the vindication of patent rights" is "not sufficient, standing alone, to defeat a stay motion"). Accordingly, where "the only potential prejudice Plaintiffs face is the delay in litigating its patent rights—a minimal prejudice present in every case in which a stay is sought[—] the Court finds that the first factor weighs slightly in favor of granting the stay." *Parallel Networks Licensing, LLC v. Ramquest Software, Inc.,* No. 4:19-CV-487, 2020 WL 1236266, at *3 (E.D. Tex. Mar. 13, 2020); *Emp. L. Compliance, Inc. v. Compli, Inc.*, No. 3:13-CV-3574-N, 2014 WL 3739770, at *1 (N.D. Tex. May 27, 2014) ("the delay caused by the *inter partes* review process, without more, does not justify denial of a stay"). There also is not undue prejudice to CUPP because it can move forward with the six other asserted patents while the PTAB reviews the '272 and '079 patents.

If CUPP argues that it will be prejudiced by having to participate in a second trial to enforce the '272 and '079 patents if those patents' two asserted claims survive IPR, that argument is overblown. First, the PTAB almost certainly will find these patents' asserted claims to be unpatentable in the remanded IPRs, as established above. CUPP therefore almost certainly will not be able to assert those claims in a second trial. Second, CUPP could avoid the prospect of a second trial by agreeing to stay the currently scheduled trial in its entirety until resolution of the remanded '272 and '079 patents' IPRs. In that case, there would be only one trial. In other words, the dim prospect of a second trial is a problem of CUPP's own making.

11

Furthermore, a partial stay will benefit both parties by allowing them to take advantage of the IPR system, which Congress intended to aid courts as an essential part of an "efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Changes to Implement Inter Partes Review Proceedings, Post-Grant Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680-81 (Aug. 14, 2012). This is particularly true here, where the remanded IPRs address all of the asserted claims from the '272 and '079 patents.

### C. A Stay Will Conserve Significant Resources.

The third factor considers "whether discovery is complete and whether a trial date has been set" for purposes of determining whether a stay will conserve significant resources. *ZitoVault*, 2016 WL 9244739, at *1; *Norman IP Holdings,* 2014 WL 5035718, at *3 ("Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation.") (internal citations omitted). Although discovery is complete and a trial is set for February 2023, a stay still will conserve significant resources because it will eliminate the need to address at trial the many issues specific to these two patents for purposes of non-infringement and invalidity. Trend Micro identifies those many issues above. In other words, for these two patents, the most burdensome part of the case, *i.e.*, trial, still "lie[s] in the future." *Cywee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-140, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019). Both the Court and parties therefore will save significant resources if the Court stays the case with respect to these two patents.

### V.   CONCLUSION

For these reasons, Trend Micro respectfully requests that the Court partially stay this case as to the '272 and '079 patents pending resolution of those patents' *inter partes* reviews.

Dated:  November 1, 2022 Respectfully submitted,

By:  /s/ *Robert Buergi*
Mark D. Fowler (*pro hac vice*)
Robert Buergi (*pro hac vice*)
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA  94303
Tel:  650.833.2000
Fax:  650.833.2001
mark.fowler@dlapiper.com
robert.buergi@dlapiper.com

Kathryn Riley Grasso (*pro hac vice*)
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC  20004
Tel:  202.799.4782
Fax:  202.799.5022
kathryn.riley@dlapiper.com

C. Michael Moore (State Bar No.14323600)
Marina Stefanova (State Bar No. 24093200)
DLA Piper LLP (US)
1900 N. Pearl Street, Suite 2200
Dallas, TX  75201
Tel:  214.743.4500
Fax:  214.743.4545
mike.moore@dlapiper.com
marina.stefanova@dlapiper.com

*Attorneys for Defendants Trend Micro Incorporated, Trend Micro America, Inc., and Trend Micro Incorporated*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1, counsel for Trend Micro has conferred with CUPP's counsel and confirmed that CUPP opposes this motion.

*/s/ Robert Buergi*
Robert Buergi

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2022, a true and correct copy of the foregoing document was filed electronically using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Robert Buergi*
Robert Buergi
