# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| CUPP CYBERSECURITY, LLC, and CUPP COMPUTING AS, | Case No. 3:18-cv-01251-M |
| Plaintiffs, | (Consolidated with Case No. 3:20-cv-03206-M) |
| v. | |
| TREND MICRO, INC., TREND MICRO AMERICA, INC., and TREND MICRO INCORPORATED, | |
| Defendants. | |

**PLAINTIFFS CUPP CYBERSECURITY, LLC'S AND CUPP COMPUTING AS'S OPPOSITION TO DEFENDANTS' MOTION TO PARTIALLY STAY THIS CASE AS TO U.S. PATENT NOS. 8,365,272 AND 9,756,079 PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................................................... 1

II.    FACTUAL BACKGROUND ........................................................................................ 2

     A.   Procedural History ............................................................................................. 2

     B.   Limited Pending Issues In Motion Practice for the '272 and '079 Patents ............ 2

     C.   The '272 and '079 IPRs and Appeal ..................................................................... 3

III.   ARGUMENT .................................................................................................................. 4

     A.   A Stay Will Prejudice CUPP .............................................................................. 4

          1.   CUPP Should Not Have To Undergo Two Separate Trials
              Involving the Same Products and Technologies .......................................... 4

          2.   Defendants Fail To Establish Hardship Or Inequity In Going To
              Trial With The '272 And '079 Patents ......................................................... 5

     B.   The Only Thing Left Is Trial .............................................................................. 7

     C.   A Stay Will Not Significantly Simplify the Issues in the Case ............................ 8

     D.   The '272 and '079 Will Likely be Upheld as Valid ............................................. 10

IV.    CONCLUSION ............................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
No. 6:16-cv-475-KNM, 2018 WL 4261194 (E.D. Tex. May 8, 2018)..................................7, 9

*Cooper Notification, Inc. v. Twitter, Inc.*,
No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) ..................................................6

*Courtesy Prods., LLC v. Hamilton Beach Brands, Inc.*,
No. 13-2012-SLR, 2015 WL 5145526 (D. Del. Sept. 1, 2015) ..................................................9

*Indiana State Police Pension Trust v. Chrysler LLC*,
556 U.S. 960 (2009)..................................................................................................................6

*Invensys Sys., Inc. v. Emerson Elec. Co.*,
No. 6:12-cv-00799, 2014 WL 4477393 (E.D. Tex. July 25, 2014).........................................9

*Landis v. N. Am. Co.*,
299 US 248 (1936)....................................................................................................................6

*Realtime Data LLC v. Actian Corp.*,
No. 6:15-cv-463-RWS-JDL, 2016 WL 9340796 (E.D. Tex. Nov. 29, 2016)...........................5

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
No. 2:15-cv-349-JRG, 2017 WL 3396399 (E.D. Tex. Jan. 17, 2017)..............................4, 5, 9

*SAS Inst., Inc. v. Iancu*,
138 S. Ct. 1348 (2018)............................................................................................................11

*SCVNGR, Inc. v. eCharge Licensing, LLC*,
No. 13-12418-DJC, 2014 WL 4804738 (D. Mass. Sept. 25, 2014).........................................9

*Solas OLED Ltd. v. Samsung Display Co.*,
No. 2:19-cv-00152-JRG, 2020 WL 4040716 (E.D. Tex. July 17, 2020)..................................6

*Trend Micro Inc. v. CUPP Computing AS*,
No. 2020-2237, 2022 WL 14366176 (Fed. Cir. Oct. 25, 2022).....................................3, 4, 10

*USC IP P'ship, L.P. v. Facebook, Inc.*,
No. 6-20-cv-00555-ADA, 2021 WL 6201200 (W.D. Tex. Aug. 5, 2021) ...............................7

*Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*,
No. 10-cv-10578, 2013 WL 434135 (E.D. Mich. Feb. 4, 2013)..............................................4

ii

I.      INTRODUCTION

Defendants' Motion to stay trial for the '272 Patent and the '079 Patent[1] should be denied

because a stay of trial for just two patents would result in a tactical disadvantage for CUPP, a

small company, is inefficient, and would be a tremendous waste of resources given the late stage

of the case.  It would be a great hardship to force a small company with limited resources to

undergo potentially two separate trials, particularly where the entire case is ready for trial.

Indeed, the parties already substantially completed trial preparations for the February 2023 trial

that was originally scheduled for November 7, 2022.  All pretrial disclosures and briefing has

been filed.

Further, a single trial makes sense because CUPP has asserted infringement of five other

patents outside the '272 and '079 Patents against the same products, which will be addressed in

the February 2023 trial.  A stay is likely to result in a separate trial on just the '272 and '079

Patents, thereby undermining the parties' articulated goals when agreeing to consolidate CUPP's

patent cases of conserving judicial resources and the parties' time and expenses.  Dkt. Nos. 133,

136 (CUPP and Defendants' briefing on consolidation).  As explained below, CUPP will likely

prevail on remand, as CUPP had multiple grounds supporting that the patents are valid.[2]

In stark contrast, there is no prejudice to Defendants if these patents are kept in the case

because they do not significantly change the scope of the trial.  Since the same products and

technologies are already at issue for infringement with respect to CUPP's other asserted patents,

the parties will be addressing these products already at trial with the same witnesses and

---

[1] Defendants' Motion for a partial stay (Dkt. No. 320 ("Motion")) for U.S. Patent Nos. 8,365,272 (the "'272 Patent") and 9,756,079 (the "'079 Patent").
[2] In any event, CUPP's damages expert addressed damages on a patent by patent basis, such that any adjustments to a jury verdict can be addressed after the jury verdict.

substantially the same evidence.  There is no significant additional cost or burden to Defendants

in addressing the infringement claims for the '272 and '079 Patents while the IPR is pending.

Moving forward with these patents against technologies and products already in the case will not

make the case more complicated.

## II.     FACTUAL BACKGROUND

### A.      Procedural History

This case has passed every significant milestone with the exception of the summary

judgment hearing on November 10, 2022 and trial on February 6, 2023.  Dkt. No. 318 (Order

replacing the original November 7, 2022 trial date with the hearing on summary judgment and

motions to exclude and resetting trial to February 6, 2023).  This is Defendants' second attempt

to partially stay this case for only a subset of the Asserted Patents.  Dkt. No. 160 ("Defendants'

First Motion to Stay").  The Court previously deferred ruling on Defendants' First Motion to

Stay, filed on February 3, 2022.  Dkt. No. 196.  The Court later denied Defendants attempt to

extend the case schedule.  Dkt. No. 209.  The Court consolidated two patent cases after the

parties argued that doing so would conserve the parties' time and expense, as well as judicial

resources.  Dkt. Nos. 133, 136, 141.

### B.      Limited Pending Issues In Motion Practice for the '272 and '079 Patents

Staying issues for the '272 and '079 Patents will also not simplify the upcoming hearing

on November 10th which will be addressing motions for summary judgment.  The '272 and '079

Patents are only implicated in three of Defendants' thirteen issues raised in their summary

judgment motion and one of their nine issues raised in their *Daubert* motions.  Dkt. No. 229-1

(Defendants' motion for summary judgment); Dkt. No. 222 (Defendants' *Daubert* motion of Dr.

Goodrich involving the '272 and '079 Patents); Dkt. Nos. 237, 245 (Defendants' *Daubert*

motions).  Furthermore, CUPP only has one issue in its summary judgment motion directed to the '272 and '079 Patents.  Dkt. No. 242-2.

> **C.** **The '272 and '079 IPRs and Appeal**

The Patent Trial and Appeal Board (referred herein as the "Board" or "PTAB") previously found the asserted claims of the '272 and '079 Patents patentable.  Dkt. No. 321, Def. App. 133-134, 190-191.  In those decisions, the Board focused on the parties' arguments regarding the dynamically isolating claim element and the *Sikdar* reference.  *Id.*, Def. App. 128-130, 179-185.  On appeal, the Federal Circuit similarly focused on *Sikdar*, but limited its focus to the dynamically isolating claim term, not the element as a whole.  *Trend Micro Inc. v. CUPP Computing AS*, No. 2020-2237, 2022 WL 14366176, at *3 (Fed. Cir. Oct. 25, 2022) ("The issue on appeal is whether, as the Board ultimately found, Sikdar fails to disclose what that construction requires.").  The Federal Circuit vacated the decision of the Board and remanded for further proceeding consistent with its guidance on *Sikdar* and the construction of "dynamically isolating."  *Id.* at *6.  Because the Federal Circuit remanded the case, rather than reversed, there are a number of issues remaining that will confirm the validity of the '272 and '079 Patents.  For example, the Board will likely provide a construction for the full term "routing, using a driver within the computer…" to reflect the Board's factual finding that the *Sikdar* reference discloses a traditional firewall which is different from the systems disclosed in the '272 and '079 Patents.  *See* Dkt. No. 321, Def. App. 88-96 (describing the '272 Patent and traditional prior art systems); *id.* at Def. App. 109-111 (describing *Sikdar*); *id.* at Def. App. 141-149 (describing the '079 Patent and traditional prior art systems); *id.* at Def. App. 160-164 (describing the *Sikdar*, *Wright*, and *RFC 2616* references).  Furthermore, the Federal Circuit has left open the opportunity for the Board to bolster its validity findings with more evidence to meet the substantial evidence

3

threshold.  *Trend Micro Inc.*, 2022 WL 14366176, at \*6.  Presently, no schedule or guidance has been set by the Board regarding the remand proceedings.

## III.    ARGUMENT

All the factors weigh in favor of denying a stay because any potential simplification at trial will be minimal, and the cost of having a second trial if the '272 and '079 Patents are found valid would be monumental for CUPP, a small company.  Here, "a stay will unduly prejudice [and] present a clear tactical disadvantage to [CUPP]," "discovery is complete and . . . a trial date has been set," and it would not "simplify . . . the trial of this case."  *Saint Lawrence Commc'ns LLC v. ZTE Corp.,* No. 2:15-cv-349-JRG, 2017 WL 3396399, at \*1, \*2 (E.D. Tex. Jan. 17, 2017) (denying a partial stay for one of five patents when the defendant failed to carry its burden to demonstrate a stay is necessary) (citations omitted).

### A.    A Stay Will Prejudice CUPP

#### 1.    CUPP Should Not Have To Undergo Two Separate Trials Involving the Same Products and Technologies

A stay until after the remanded IPRs for the '272 and '079 Patents are complete will very likely result in CUPP having two separate trials involving the same products and technologies, witnesses, and evidence.  This "redo" of a second trial involving the same products and technologies places CUPP "in the unenviable position of having to potentially ramp up twice for a trial on the merits."  *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, No. 10-cv-10578, 2013 WL 434135, at \*2 (E.D. Mich. Feb. 4, 2013) (in denying a stay, finding prejudice in requiring the Plaintiff to have to conduct two trials on the merits).  The cost of holding two separate trials on the same issues places CUPP at a significant disadvantage, as CUPP is a small company with limited resources, compared to Defendants, a multi-billion dollar organization.

A second multi-day trial if a stay is granted would be very costly to CUPP, whereas the inclusion of the '079 and '272 Patents in the February trial would only take an hour or two of trial time given the overlap in issues between these two patents and the other asserted CUPP patents. For example, the parties will have the same fact and expert witnesses testify regarding substantially the same evidence for infringement of five other asserted CUPP patents at the February trial. Thus, the cost of having to undergo two trials would be significant to CUPP, which has limited resources as a small company.

A partial stay would also prejudice CUPP's ability in timely enforcing their patent rights by having to hold a second trial anywhere from six months to a year after the upcoming February 2023 trial. *See* Motion at 2 (claiming it is the PTAB's goal to decide remanded case within six months); Dkt. No. 166 at 4-5 (showing that in the Northern District of Texas, the typical time to trial is 11.4-11.9 months). CUPP first asserted its patents against Defendants some four and half years ago. *Saint Lawrence Commc'ns*, 2017 WL 3396399, at *2 (in denying a stay, the court recognized that Plaintiff had a right to timely enforce its patent rights). Any further delay of trial is unfairly prejudicial to CUPP, who would be faced with doing two trials on the same products. *Realtime Data LLC v. Actian Corp.*, No. 6:15-cv-463-RWS-JDL, 2016 WL 9340796, at *3 (E.D. Tex. Nov. 29, 2016) (in denying a stay, the court noted the extended delay of the case if a stay is granted and determining that an "IPR decision that is not due until months *after* trial has already taken place would prejudice Plaintiff") (citation omitted). Thus, the first factor weighs in favor of denying Defendants' Motion.

### 2. Defendants Fail To Establish Hardship Or Inequity In Going To Trial With The '272 And '079 Patents

A partial stay is unwarranted because Defendants cannot "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the

stay for which [they] pray[] will work damage to someone else." *Landis v. N. Am. Co.*, 299 US

248, 255 (1936); *Indiana State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009)

(finding a stay is not a matter of right and the party requesting a stay bears the burden of showing

that the circumstances justify one being granted).  Defendants do not even attempt to address any

alleged hardship or inequity in being required to go forward with these two patents at trial

because none exists.  *See generally* Motion.

      Further, a stay grants Defendants a tactical advantage because it would give Defendants

two opportunities to present the same cumulative prior art before the PTAB and the District

Court.  As set forth in CUPP's Motion for Summary Judgment, Defendants assert the *Sikdar*

reference before the PTAB which is cumulative of the SonicWall TZ 150 system that Defendants

are asserting at trial.  Dkt. No. 242-2 at 12-17 (describing the art that is cumulative to the

reference asserted in IPR).  Thus, a stay gives Defendants a risk-free chance to invalidate these

patents with *Sikdar* at the PTAB and then attempt to fix any holes with cumulative alleged prior

art at a later trial.  *Solas OLED Ltd. v. Samsung Display Co.*, No. 2:19-cv-00152-JRG, 2020 WL

4040716, at *2 (E.D. Tex. July 17, 2020) (finding prejudice when defendant is given a risk-free

chance to invalidate the asserted patents).  This is a "clear, and unwarranted, tactical advantage"

for Defendants, which undermines Defendants' request for a stay.  *Cooper Notification, Inc. v.

Twitter, Inc.,* No. 09-865-LPS, 2010 WL 5149351, at *3 (D. Del. Dec. 13, 2010) (denying a stay

for reexamination finding "a clear, and unwarranted, tactical advantage" for defendant).

      The lack of any hardship or inequity in being required to go forward with trial is

sufficient grounds for the Court to deny Defendants' Motion.

### B.      The Only Thing Left Is Trial

The stage of the trial proceedings weighs against a stay because the only matter left is

trial.  *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 6:16-cv-475-KNM, 2018 WL 4261194,

at *2-3 (E.D. Tex. May 8, 2018) (denying a stay in part because one month remained in fact

discovery).  This case was filed in May of 2018 and since then fact and expert discovery has long

been complete.  Dkt. No. 1.  Through such discovery, the parties have taken 55 depositions,

served 13 expert reports, and completed pre-trial briefing.  The summary judgment hearing is

within two days of this brief's filing.  When considering all these milestones and the significant

resources expended over the last four and a half years, courts have found that a stay is not

warranted, even at earlier stages of the case.  *Cellular Commc'ns Equip.*, 2018 WL 4261194, *2-

3 (denying a stay for two of three patents, as only one month remained in fact discovery, and trial

was less than a year away); *USC IP P'ship, L.P. v. Facebook, Inc*., No. 6-20-cv-00555-ADA,

2021 WL 6201200, *2-3 (W.D. Tex. Aug. 5, 2021) (denying a stay where the final written

decision was due after the case, a claim construction order had issued, four months of fact

discovery was completed, and trial was set in approximately four months).  All the work leading

up to trial has already been completed, limiting any potential benefit from staying the case.

Ignoring the substantial work the Court and the parties have done over the years in

getting to this stage in the case, Defendants attempt to recast this factor as one of conservation of

resources.  Motion at 12.  But that fails because, at the very least, the trial will involve

infringement of patents on the same accused products and technologies.  Thus, Defendants'

resources will not be expanded in having to spend an additional hour or two on the '272 and '079

Patents.  *Id.*  Notably, Defendants argue that a stay will eliminate "many issues specific to these

two patents," but provide nothing on the issues aside from a list of claim elements.  *Id.* at 12; *id.*

4-6 (listing claim limitations of the '272 and '079 Patents).  While the limitations of the '272 and '079 Patents are specific to them, they are being applied to the same products and the same technologies for the protection of mobile devices.  The same experts will be discussing the infringement of the same products and technologies, so the eight limitations identified in the Motion can be addressed within each parties' allotted trial time.

### C.  A Stay Will Not Significantly Simplify the Issues in the Case

A stay will not simplify the issues in this case.  As a preliminary matter, Defendants' claim that trial is the "most burdensome part of the case" (Motion at 12) is contrary to Defendants' arguments made in their First Motion to Stay.  In the earlier motion, Defendants argued that the most burdensome parts of the case were "complet[ion] of fact discovery, expert discovery, motions for summary judgment, *Daubert* motions, pre-trial disclosures, and motions *in limine*, and prepare for a November 2022 trial."  Dkt. No. 160 at 11.  Thus, Defendants cannot credibly argue that the most burdensome part of the case has yet to come here.  Indeed, according to Defendants' First Motion to Stay, the most burdensome parts of this case are already complete and support denying a stay.  Further, this case was ready for trial.  Given the resetting of trial and the fact that all the pretrial briefing, expert reports, and depositions are complete, there is minimal burden remaining as both parties have already engaged in substantially most of their trial preparations.

At best, a stay for these two patents will reduce the February trial by an hour or two on each side, which will not result in the conservation of significant resources, given the overlap in witnesses and evidence that will be presented at trial for infringement of five other asserted patents at the February trial.  A stay only threatens to raise the cost of litigation by forcing a

8

second trial with the same witnesses and evidence, thereby creating significant inefficiencies and no simplification of issues.

In other words, the parties are prepared to go to trial involving the same accused products and technologies at issue for the '272 and '079 Patents, irrespective of whether a stay is granted. The vast weight of authority from courts in this circuit and across the country finds that a stay does not simplify the case when, like here, not all of the asserted patents are subject to IPR.[3] *Saint Lawrence Commc'ns*, 2017 WL 3396399, at *2 (denying motion to stay where only one of five asserted patents was subject to IPR). Here, CUPP has six other Asserted Patents that are not subject to IPR and going to trial. Motion at 2. This fact weighs in favor of denying a stay on the two patents at issue in this Motion.

A stay will not eliminate the need to try infringement, as Defendants' Motion argues. *Id.* at 4-6. The same accused products and technologies for the '272 and '079 Patents are accused of infringement in connection with the other Asserted Patents and will be at issue at trial. In fact, a stay will only serve to duplicate efforts as it will require there will be a follow-on case for just the '272 and '079 Patents after the February trial. Repeating this effort later for two patents is a much greater burden than including them with the six other patents now. Thus, the prospect of "simplifying" the case by a couple of hours pales in comparison to the burden of holding another full-blown trial just for these two patents.

---

[3] *See Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12-cv-00799, 2014 WL 4477393, at *3-4 (E.D. Tex. July 25, 2014) (denying motion to stay where not all asserted claims were subject to IPR proceedings); *Courtesy Prods., LLC v. Hamilton Beach Brands, Inc.*, No. 13-2012-SLR, 2015 WL 5145526, at *2 (D. Del. Sept. 1, 2015) (same); *Cellular Commc'ns Equip.*, 2018 WL 4261194, at *2 (same); *SCVNGR, Inc. v. eCharge Licensing, LLC*, No. 13-12418-DJC, 2014 WL 4804738, at *9-10 (D. Mass. Sept. 25, 2014) (same).

**D.**      **The '272 and '079 Will Likely be Upheld as Valid**

As an initial matter, the validity of the claims asserted from the '272 and '079 Patents are likely to be affirmed as valid because there are still unresolved issues regarding the construction of the full term "routing, using a driver within the computer…" to reflect the Board's factual finding that the *Sikdar* reference discloses a traditional static firewall which is different from the non-static systems disclosed in the '272 and '079 Patents. *See* Dkt. No. 321 at 88-96, 109-111, 141-149, and 160-164. Furthermore, the Federal Circuit has left open the opportunity for the Board to bolster its validity findings with more evidence to meet the substantial evidence threshold. *Trend Micro Inc.*, 2022 WL 14366176, at *6. Defendants incorrectly describe the Federal Circuit's ruling as though it was a complete reversal of the PTAB's finding. The Federal Circuit issued a remand order for the PTAB to proceed under its guidance of a new claim construction of a single term and a single reference, "dynamically isolating." *Id.* at *3 ("The issue on appeal is whether, as the Board ultimately found, Sikdar fails to disclose what that construction requires."). Contrary to Defendants' assertion, it is far from absolute that the PTAB will reverse their technical findings, and much more likely they stay with their previous determination.

Defendants' conclusion that the IPRs are likely to result in the '272 and '079 Patents being found unpatentable ignores the fact that the Federal Circuit decision was to remand and not reverse. *Id.* at *6. Notably, it was Defendants who requested the remand in order to "allow the Board [the opportunity] to address issues (relevant to the appealed claims) that the Board has not yet addressed." *Id.* Thus, the likely procedure is one where the parties will provide additional briefing of the issues on appeal and those "not yet addressed" by the Board before holding another oral hearing. Given the numerous issues to be addressed on the remand and the fact that

10

the Federal Circuit only resolved one pertaining to a specific claim term, it is unlikely that the

Board will be persuaded to find against its previous decision.

Defendants' reliance upon PTAB statistics is mischaracterized and overblown.  Motion at

10 (stating that 78% of claims addressed this quarter were found unpatentable).  The PTAB

already found these claims patentable once.  Defendants ignore relevant statistics regarding what

happens when the PTAB addresses a remand because they are extremely favorable to CUPP.

*See* Declaration of Kristopher Kastens, Ex. 1 at Pltf. App. 16 (showing the Board redecided a

total of 788 claims on remand through 2018, and left 523 of those claims unchanged from their

prior decision and in 2019 more remands occurred because of *SAS*); *SAS Inst., Inc. v. Iancu*, 138

S. Ct. 1348 (2018) (requiring the PTAB to institute as to all claims or none).  Thus, the entire

premise supporting Defendants' assertion that the PTAB will find the patents invalid is built

solely upon their hopes and dreams and not actual facts or statistics.  Because the PTAB is likely

to rule the same as they did before, a stay of the case for these two patents would almost

certainly result in an additional trial at the expense of simplifying the case by a couple of hours,

thus, favoring denial of Defendants' Motion.

## IV.    CONCLUSION

For the foregoing reasons, CUPP requests that the Court deny Defendants' Motion.

Respectfully submitted,

Dated: November 8, 2022

*s/ Kristopher Kastens*
Paul J. Andre
Lisa Kobialka
James Hannah
Kristopher Kastens
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

Mark C. Nelson
Bar Number: 00794361
BARNES & THORNBURG LLP
2121 N. Pearl Street, Suite 700
Dallas, TX 75201
Email: mnelson@btlaw.com
Telephone: 214-258-4140
Fax: 214-258-4199

*Attorneys for Plaintiffs,*
CUPP Cybersecurity LLC and CUPP
Computing AS

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on November 8, 2022, a true and correct copy of

the foregoing document was filed electronically with the Clerk of the Court using the Court's

CM/ECF system, which will send notification of such filing to counsel of record who have

consented to electronic service.

*s/ Kristopher Kastens*
Kristopher Kastens

13