# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| CUPP CYBERSECURITY, LLC and CUPP COMPUTING AS, <br><br> Plaintiffs, <br> v. <br><br> TREND MICRO, INC., TREND MICRO AMERICA, INC., and TREND MICRO INCORPORATED, <br><br> Defendants. | Case No. 3:18-cv-01251-M <br><br> (Consolidated with Civil Action No. 3:20-cv-03206-M) |

## THE PARTIES' JOINT STATUS REPORT

Plaintiffs CUPP Cybersecurity, LLC and CUPP Computing AS (collectively, "CUPP") and Defendants Trend Micro Incorporated (a California corporation), Trend Micro America, Inc., and Trend Micro Incorporated (a Japanese corporation) (collectively, "Trend Micro") (together, the "Parties"), submit this Joint Status Report pursuant to the Court's Order on January 19, 2023 (Dkt. 338, "Order").

## I. BACKGROUND

The Order requires the Parties to identify issues ripe for determination in certain Motions to Exclude, within 15 days after the PTAB makes its final decision on the IPRs for U.S. Patent Nos. 8,365,272 (the "'272 Patent") and 9,756,079 (the "'079 Patent"). *Id*. On April 14, 2023, the PTAB issued its revised final written decisions in those IPRs, finding that: (1) claim 7 of the '079 Patent and claim 16 of the '272 Patent are unpatentable; and (2) claim 7 of the '272 Patent (not asserted in this action) is patentable. *Trend Micro Inc., v. CUPP Computing AS*, IPR2019-00561, Paper 34 (P.T.A.B. Apr. 14, 2023); *Trend Micro Inc., v. CUPP Computing AS*, IPR2019-00641, Paper 33 (P.T.A.B. Apr. 14, 2023). The '272 and '079 Patents are therefore no longer at issue in this case. The remaining asserted patents and claims are U.S. Patent Nos. 9,747,444 (the "'444 Patent") (claims 11 and 21), 10,417,400 (the "'400 Patent") (claim 17), and 10,496,834 (the "'834 Patent") (claim 1). CUPP's position is that because the IPRs for the '272 and '079 Patents have been resolved, the case is ready to be set for trial on the three remaining patents. Trend Micro's asserts that because five patents and several accused products have been removed from the case since the parties prepared their pretrial disclosures, the parties should first update their pretrial disclosures, including the pretrial order, proposed verdict forms, witness lists, and proposed jury instructions, all of which will be materially simplified.

Below is a list and summary of outstanding Motions to Exclude ripe for resolution.  *See* Dkt. 338.

### CUPP's Motion

- Motion to Exclude Opinions of Defendants' Technical and Damages Experts (Dkt. 231).

### Trend Micro's Motions

- Motion to Exclude Portions of Dr. Eric Cole's and Mr. Marcus Reading's Expert Opinions Relating to Damages Apportionment Under Fed. R. Evid. 702 and *Daubert* (Dkt. 236) ("Apportionment Motion"); and

- Motion to Strike Portions of Marcus Reading's Opening Expert Report Relying on Unaccused Products Under Fed R. Evid. 702 and *Daubert* (Dkt. 244) ("Unaccused Products Motion").

## II.     ISSUES IN CUPP'S MOTION

CUPP filed a motion seeking to exclude certain opinions of three Trend Micro's experts: Dr. Black, Dr. Shields, and Mr. Ratliff.  (Dkt. 231).  Specifically, the following issues regarding their opinions are ripe for determination by Court, as these opinions are unreliable and do not aid the trier of fact.

> (1)     The experts' opinions on source code counting are unreliable because they are not based on reliable methodology.  Furthermore, the experts' analysis does not address the remaining asserted patents, but only one claim in the '272 Patent (which is no longer at issue) (Dkt. 231 at 9-15); and

> (2)     Mr. Ratliff's opinions on two ranges for a lump sum royalty he contends were acceptable to CUPP in a hypothetical negotiation lack scientific methodology and factual foundation (Dkt. 231 at 15-24).

## III.     ISSUES IN TREND MICRO'S MOTIONS

Trend Micro filed the Apportionment Motion and Unaccused Products Motion seeking to exclude certain opinions of CUPP's experts, Dr. Cole and Mr. Reading, relating to CUPP's claimed reasonable royalty damages.  Dkts. 236, 244.

The following issues in Trend Micro's Apportionment Motion are ripe for determination:

2

    (1)      Dr. Cole is unqualified to offer ultimate economic opinions on royalty apportionment. Dkt. 237 at 12-15 (Section IV.B).

    (2)      Dr. Cole's "Capabilities Apportionment" and "Source Code Apportionment" opinions are unreliable, unsupported by any sound economic analysis, and untied to the facts of the case. *Id.* at 15-20 (Section IV.C).

    (3)      The running royalty and per seat royalty calculations offered by CUPP's damages expert Mr. Reading should be excluded because he calculated his running royalty and per seat royalty amounts by applying Dr. Cole's unreliable and inadmissible Capabilities and Source Code apportionment "factors" to the purported damages bases. *Id.* at 21-23 (Section IV.D).

Regarding Trend Micro's Unaccused Products Motion (Dkt. 244), it has been simplified as a result of the Court's summary judgment order and the PTAB's recent revised final written decisions in the '272 and '079 patent IPRs. In Trend Micro's opening brief in support of that motion, it includes a color-coded table of the then-asserted patents and the products that CUPP's damages expert Mr. Reading relied on for each patent. Dkt. 245 at 3-6. Only three of those patents remain asserted: the '444, '400, and '834 patents. The columns related to previously asserted patents (the '202, '079, '272, '462, and '421 patents) are now moot.

With respect to the '834 patent, Trend Micro does not challenge Mr. Reading's reliance on these products as accused products for the '834 patent, as shown in the table. Dkt. 245 at 3-6.

With respect to the '400 patent, the parties agree that Portable Security 2 and 3 are the only remaining Trend Micro products accused of infringing that patent. Trend Micro does not challenge Mr. Reading's reliance on these products as accused products for the '400 patent, as shown in the table. Dkt. 245 at 3-6.

Thus, the following issue in Trend Micro's Unaccused Products Motion is ripe for determination:

    (1)      Mr. Reading's royalty damages calculations should be excluded because they are derived from royalty bases that improperly capture Trend Micro products and product suites that CUPP's technical experts have not properly analyzed for purposes of his infringement opinions. Dkt. 245 at 8-13. Specifically, the

revenue base for the '444 patent improperly includes Trend Micro products that either do not appear at all in any infringement expert report or that were not analyzed on a limitation-by-limitation basis in any infringement expert report. This is especially true for the "Worry-Free" products, which comprise a substantial portion the revenue base underlying Mr. Reading's damages calculation with respect to the '444 patent.  Dkt. 245 at 10-11.

Respectfully submitted,

Dated:  April 28, 2023

By: /s/ Kristopher Kastens
Paul Andre (*pro hac vice*)
Lisa Kobialka (*pro hac vice*)
James Hannah (*pro hac vice*)
Kristopher Kastens (*pro hac vice*)
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

Mark C. Nelson
Bar Number: 00794361
BARNES & THORNBURG LLP
2121 N. Pearl Street, Suite 700
Dallas, TX 75201
mnelson@btlaw.com
Telephone: 214-258-4140
Fax: 214-258/4199

*Attorneys for Plaintiffs*
CUPP CYBERSECURITY, LLC and CUPP COMPUTING AS

Dated:  April 28, 2023

Respectfully submitted,

By:  /s/ Robert Buergi
Mark D. Fowler (*pro hac vice*)
Robert Buergi (*pro hac vice*)

4

        DLA Piper LLP (US)
        2000 University Avenue
        East Palo Alto, CA  94303
        Tel:  650.833.2000
        Fax:  650.833.2001
        mark.fowler@dlapiper.com
        robert.buergi@dlapiper.com

        Kathryn Riley Grasso (*pro hac vice*)
        DLA Piper LLP (US)
        500 Eighth Street, NW
        Washington, DC  20004
        Tel:  202.799.4782
        Fax:  202.799.5022
        kathryn.riley@dlapiper.com

        C. Michael Moore (State Bar No.14323600)
        DLA Piper LLP (US)
        1900 N. Pearl Street, Suite 2200
        Dallas, TX  75201
        Tel:  214.743.4500
        Fax:  214.743.4545
        mike.moore@dlapiper.com

        *Attorneys for Defendants Trend Micro*
        *Incorporated, Trend Micro America, Inc., and*
        *Trend Micro Incorporated*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certify that, on April 28, 2023, a true and correct copy of the foregoing document was filed electronically using the Court's CM/ECF system, which will send a Notice of Electronic Filing on all counsel of record.

/*s/ Kristopher Kastens*_____
Kristopher Kastens